ALEXANDER F. WATKINS, GUARDIAN, ETC., *v.* GERTRUDE F. WATKINS, EXECUTRIX, ET AL.

[40 South. Rep., 1001.]

1. DESCENT AND DISTRIBUTION.    *Wills.    Posthumous children.    Code 1892, § § 4489, 4490.    Estate of decedents.    Children born after will made.*

Under Code 1892, § § 4489, 4490, touching inheritance by a testator's child born after the making of the will and not mentioned or provided for therein, such a child becomes invested with an absolute title to a share in the estate as if the parent had died intestate, although it died without issue before reaching majority, where .there were children of the testator living when the will was made.

2. SAME.   *Statutes analyzed.   Four classes.*

The statutes, Code 1892, § § 4489, 4490, analyzed and adjudged to provide for four classes of cases:

   (*a*)  Where a testator leaves a child surviving him, but had no child when the will was made, and failed to provide therein for any child that he might afterwards have (sec. 4489) ;

   (*b*)  Where the widow of the testator gives birth to a living child, with which she was pregnant at the time of his death, and for which no testamentary provision has been made (sec. 4489) ;   .

   (*c*)  Where the testator shall leave a child born, his wife being pregnant and the posthumous child shall be unprovided for by settlement, and neither provided for nor disinherited, but only pretermitted by the will (sec. 4489) ; and

   (*d*)  Where the testator having a child born at the time of making his will shall at his death leave an after-born child unprovided for by settlement and neither provided for nor disinherited, but only pretermitted by the will (sec. 4490).

FROM the chancery court of Adams county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

Gertrude F. Watkins, executrix, and others, the appellees, were complainants in the court below; Alexander F. Watkins,

guardian of Eloise Watkins, was defendant there. The purpose of the suit was to obtain a construction of the will of Benjamin D. Watkins, deceased. From a decree in complainants' favor the defendant appealed to the supreme court.

Benjamin D. Watkins made a will of date May 7, 1901: At that time he had two children—Eloise, by his deceased first wife, and Gertrude, by his living second wife—and provision was made by the will for both of them, and for his second wife as well. Thereafter, on June 22, 1904, there was born to the testator by his second wife a son, Benjamin D. Watkins, Jr., for whom no provision nor mention was made in the will. The testator died August 12, 1904, and Benjamin D. Watkins, Jr., died January 15, 1905, being less than one year old. Alexander F. Watkins, appellant, was appointed and qualified as guardian of Eloise, one of the testator's children, and Gertrude F. Watkins, one of the appellees, was appointed and qualified as executrix of the will. The question in dispute was whether the will should be administered as if Benjamin D. Watkins, Jr., had never been born, or whether, under the statutes, he inherited an undivided one-fourth interest in the property of the decedent. The sections of the code of 1892 involved are shown:

Code 1892, § 4489: "A devise so made, or any clause thereof, shall not be revocable but by the testator or testatrix destroying, canceling, or obliterating the same, or causing it to be done in his or her presence, or by a subsequent will, codicil, or declaration, in writing, made and executed; but every last will and testament, made when the testator or testatrix had no child living, wherein any child he or she might have is not provided for or not mentioned, if at the time of his or her death he or she have a child, or if the testator leave his wife enciente of a child, who shall be born, shall have no effect during the life of any such after-born child, and shall be void unless the child die without having been married, or without leaving issue capable of inheriting, and before he or she shall have attained twenty-one years; and the

estate, both real and personal, so devised, shall descend to such child, in the same manner as if the testator or testatrix had died intestate, subject, nevertheless, to the bequests made in the last will and testament, in case of the death of such child before marriage or without issue capable of inheriting, and under the age of twenty-one years.    And when a testator shall leave children born, and his wife enciente, the posthumous child or children, if unprovided for by settlement, and neither provided for nor disinherited, but only pretermitted by the last will and testament, shall succeed to the same portion of the father's estate as such child or children would have been entitled to if the father had died intestate, towards raising which portion the devisees and legatees shall contribute proportionately out of the parts devised and bequeathed to them by the same will and testament."

Section 4490 of the code of 1892 is quoted in the opinion of the court.

*Watkins & Watkins,* and *Green & Green,* for appellant.

The statute applicable is Code 1892, § 4488, whereunder and whereby it is provided in the most absolute terms that Dr. Watkins could dispose of his property by his will, and therein are contained no expressions, reservations or provisions.    The public policy enunciated and mirrored in section 4488 is that the decedent should have the broadest powers in disposing of that which, by his efforts and labors, he had amassed.    In fine, the law was careful that the right of disposition should be in him who by his labor acquired.    But this right of disposition, while absolute and unqualified when expressed in sec. 4488, was qualified to a certain extent by secs. 4489, 4490.    The sole question in this cause is as to the meaning of the words, "In the same manner as is provided in the case of posthumous children," and what effect this had upon sec. 4490.

In *Oll* v. *Lowery,* 78 Miss., 499 (s.c., 29 South. Rep., 520), this court said: "We laid down the true rule of

construction in *Adams* v. *Railroad Co.,* 75 Miss., 285 (s.c., 22 South. Rep., 824, which we reannounce, to wit: 'A statute must receive such construction as will, if possible, make all of its parts harmonize with each other, and render them consistent with its scope and object. The entire statute must be so read that the whole may have a harmonious and consistent operation. In the construction of a statute the object is to get at its spirit and meaning, its design and scope; and that construction will be justified which evidently embraces the meaning and carries out the object of the law, although it is against the letter and the grammatical construction of the act. In determining the proper construction of a statute, the entire legislation on the subject-matter, its policy, reason, as well as the text, must be looked to.'" *Adams* v. *Railroad,* 75 Miss., 285 (s.c., 22 South. Rep., 824).

Let it be noted that the intention of the testator was clear—that his prime motive and controlling intention was that all who were left should be placed upon an equal footing; that in the case of the death of the children before reaching twenty-one, that cross-remainders were limited between them, so that in case of such death the survivor would take under and by virtue of the terms of the will as a purchaser.

As said in *Lemonious* v. *Mayer,* 71 Miss., 523 (s.c., 14 South. Rep., 33: "Though words of a statute will be treated as surplusage to uphold the manifest purpose of the legislature (*State* v. *Stinson,* 17 Me., 154), the general rule of construction is to so read the law as to give some effect to all its parts. Endlich on Interpretations, pp. 23, 256, 413; *Ellis* v. *Murray,* 28 Miss., 120."

Counsel for appellee may contend that the infant took the estate in fee, and in support of the doctrine he may cite three cases, being the only ones which we could find that in any wise bear upon the question at bar.

(1) *Shelby* v. *Shelby,* 6 Dana. (Ky.), 60, but the statute in Kentucky upon this point is different and omits the very words that the sole basis of the contention of the appellant in the case at bar.    See for the form of the statute, *Haskins* v. *Spiller,* 1 Dana., 174.

(2) *Association* v. *Firmane,* 50 Mich., 82, but that the statute is different in that state appears from the report of the case itself.    Different, too, may it please the court, in that it omits the very words that are all-important to'our contention in this case, and without which we would not present this case to this court.

(3) *In re Squire's Estate,* 11 Phil. (Penn. C. C.), 110, is from an inferior court in that state, and that statute also omits the words which distinguish it from that in our state.    See Dunlop's Laws, Penn., 504.

*Reed & Brandon,* for appellees.

Had the father died intestate, said infant would by law have inherited absolutely and in fee simple one-fourth of his estate. And the laws come in and in effect declare in such a case as this, that the father did die intestate as to such proportion of his estate by providing that in such case the child shall succeed to such portion as he "would have been entitled to if the father or mother had died intestate."

Such is the language of the statute.    There is no limitation, express or implied, upon the estate so derived by the pretermitted child.

But, in the case provided for by this statute, the testator having other child or children (and in this case a widow also), for whom the testator has seen proper to provide by will (and it might be that he would have seen proper to make other bequests), the legislature desiring to recognize and render effective the will as far as consistent with the natural rights of the pretermitted child, by law provides (not by what tenure the child shall

hold), but how with equal justice to all said child's share shall be taken out of the devised estate.    Therefore, it is provided in sec. 4490 that, "toward raising which portion the devisees and legatees shall contribute proportionately out of the parts devised and bequeathed to them by the same will and testament, in the same manner as provided by law in the case of posthumous children."

The words, "in the same manner as provided in the case of posthumous children," are used in the statute simply to explain and nullify the words, "contribute proportionately."    It is not intended by them to limit, and they do not limit or qualify the estate which is taken by the infant, as contended in brief for appellant.

Section 4490 provides for a case entirely different from any provided for in sec. 4489.    To emphasize that fact, and to show that the provision of law in the one case is different from that in the other, a different section is used, instead of providing for all cases in the one section.    Section 4490 is not to be construed in the light of any provision contained in sec. 4489. It is not necessary to refer to any other section to construe it; it is clear and unambiguous on its face.    It contains no limitation, either express or implied, upon the estate, to be taken by virtue thereof.    By virtue of it, the infant, Benjamin, took in fee simple an undivided one-fourth of his father's estate, subject only to the debts and charges against the estate.    On his death his sister, Gertrude, as his sole heir at law, inherited his undivided interest therein.

MAYES, J., delivered the opinion of the court.

When sections 4489 and 4490, Annotated Code 1892, are analyzed, it will be seen that these two sections make provision for four distinct classes of cases where a child or children not provided for, or not mentioned in the last will and testament of a ·deceased parent, will be provided for by the statute itself.    In

order to place clearly these classes before us, we will arrange them into classes "a," "b," "c," and "d."

"a." The first class provides: Where the "last will and testament made when the testator or testatrix had no child living, wherein any child he or she might have is not provided for or not mentioned, if at the time of his or her death he or she have a child."

"b." The second class is in a case where, "if the testator leaves his wife enciente of a child, and who shall be born" after the death of the testator.

"c." The third class is where "the testator shall leave children born, and his wife enciente, the posthumous child or children, if unprovided for by settlement, and neither provided for nor disinherited, but only pretermitted by the last will and testament, shall succeed to the same portion of the father's estate as such child or children would have been entitled to if the father had died intestate, towards raising which portion the devisees and legatees shall contribute proportionately out of the parts devised and bequeathed to them by the same will and testament."

"d." The fourth class provides that "if a testator or testatrix, having a child or children born at the time of making and publishing his or her last will and testament, shall, at his or her death, leave a child or children born after the making and publishing such last will and testament, the child or children so after born, if unprovided for by settlement, and neither provided for nor disinherited, but only pretermitted by the last will and testament, shall succeed to the same portion of the father's or mother's estate as such child or children would have been entitled to if the father or mother had died intestate, towards raising which portion the devisees and legatees shall contribute proportionately out of the parts devised and bequeathed to them by the same will and testament in the same manner as is provided in the case of posthumous children."

It will be noted in those parts of sec. 4489 designated here as classes "a" and "b," and which are found in the first part of said section just preceding the clause in the statute which speaks of posthumous children, that the statute says that the last will and testament "shall have no effect during the life of any such after-born child;" that is, such child as is born after the making of the will at which time the testator or testatrix had no children, as in class "a," or after the death of the testator leaving his wife enciente of a child, and in either of the above classes of cases the will "shall be void unless the child die without having been married, or without leaving issue capable of inheriting, and before he or she shall have attained the age of twenty-one years." Then the statute further provides, in reference to these two classes "a" and "b," that "the estate both real and personal," so devised—that is, by will when the testator or testatrix had no children, as class "a," or when the wife of the testator was enciente of a child at the time of the death of the testator, which was born after the will was made, as in class "b"—"shall descend to such child in the same manner as if the testator or testatrix had died intestate, subject, nevertheless, to the bequests made in the last will and testament, in case of the death of such child before marriage, or without issue capable of inheriting, and under the age of twenty-one years." It will be noted that these two classes of cases are subject practically to the same provisions of the statute, and we think have in common with each other the following provisions—that is, they take as though the testator or testatrix died intestate; second, in each case it is expressly provided that the will shall be void unless the child dies without having been married, etc.; third, although the will is made void in each case, yet in case of the death of the child before marriage, or without issue capable of inheriting, and before it shall have attained twenty-one years of age, the will again becomes operative, and the portion the child would have taken under the law becomes subject to its provisions. It will thus be

seen that in these two clauses of the statute the child or children who take under either clause "a" or "b" have these provisions of the statute affecting them in the same way.

Class "c" applies to a wholly different case. Classes "a" and "b" apply to the cases where there were no children living at the time the will was made, and class "c" applies to the case of a posthumous child, where there are other children born and living at the date the will is made. After the statute has made provision for a' child who takes under classes "a" and "b," it then provides for a -wholly different case, and says: "When a testator shall leave children born and his wife enciente, the posthumous child or children, if unprovided for," etc., "shall succeed to the same portion of the father's estate as such child or children would have been entitled to if the father had died intestate, towards raising which portion the devisees and legatees shall contribute proportionately out of the parts devised and bequeathed to them by the same will and testament." It will be seen that in this part of the statute, here designated as class "c," the words "posthumous child or children" are used for the first time, and it is the only place in the section where the word "posthumous" is used. It will be further noted that this case differs from classes "a" and "b" in that under this part of the statute nothing is said as to making the will void, or as to any way affect the will, except that the legacies and bequests left by it are to be reduced by whatever is necessary to raise the portion of the posthumous child. It does not place any limitation on the estate that the posthumous child takes, and does not provide that in the case of the death of the child before marriage, or without heirs capable of inheriting, and under the age of twenty-one years, that the estate shall become subject to the bequests made in the last will and testament. It will therefore be seen that there are no provisions of the statute applicable to class "c" that have any reference or relation to the provisions made for children taking in classes "a" and "b," except the solitary thing

that in all three of the classes each one takes as if the testator or testatrix had died intestate. The estate taken by those in classes "a" and "b," being a contingent estate, not subject to disposition by them and subject to the possibility in case of their death before marriage, or dying without heirs capable of inheriting, and under the age of twenty-one years, of becoming subject to the bequests made in the last will and testament. But this is not so with those who take under the provision made in class "c." A child or children taking under class "c" gets an absolute title without any restrictions, and, when any one of that class once becomes vested with his property, his heirs at law take under the statute of descent and distribution, and his estate never becomes in any way subject to the provisions of the will.

The fourth class, which we call class "d," and under which this case falls, is provided for in sec. 4490, and applies to the case of a child born after the making of a will where there is a child or children born at the time the will is made. This section is as follows:

"If a testator or testatrix, having a child or children born at the time of making and publishing his or her last will and testament, shall, at his or her death, leave a child or children born after the making and publishing such last will and testament, the child or children so after-born, if unprovided for by settlement, and neither provided for nor disinherited, but only pretermitted by the last will and testament, shall succeed to the same portion of the father's or mother's estate as such child or children would have been entitled to if the father or mother had died intestate, towards raising which portion the devisees and legatees shall contribute proportionately out of the parts devised and bequeathed to them by the same will and testament in the same manner as is provided in the case of posthumous children."

Class "d" is practically the same as class "c," and differs from "a" and "b" in the same way that class "c" differs from

class "a" and "b." In truth there is no difference under the law between those who take under classes "c" and "d"; the only difference being that class "c" provides for a posthumous child or children, and class "d" provides for a case where the child is born after the making of the will and during the life time of the testator or testatrix, but the kind of estate which each gets and the method of raising same is exactly the same in each state of case, and in neither of these last two classes mentioned does a taker of property under them take it in such way as that it may ever again become subject to the bequests made in the will of the testator, but in both cases the taker becomes vested with an absolute title, and upon his or her death it descends to the heirs at law independently of any will which the testator may have made. When the last sentence of sec. 4490 says, in speaking of the way in which the portion of the children provided for therein shall be raised, it shall be done "in the manner provided in the case of posthumous children," it merely intends to emphasize the way in which the portion of such child shall be raised, and placed no limitation on the title which the child taking under it gets. It refers, and can only refer, to that part of sec. 4489 which provides how the portion of posthumous children shall be raised. There is but one place in sec. 4489 where it speaks of a posthumous child at all; that is, in that part of the statute which we have designated as class "c." There is no plan outlined by the statute for "raising a portion" for a child provided in either of those parts of sec. 4489 which we have designated as class "a" and class "b."

We unhesitatingly hold that Benjamin D. Watkins, Jr., upon the death of his father, immediately became vested with an absolute title to a one-fourth interest in his father's estate, and when Benjamin D. Watkins, Jr., died, the property so coming to him under the statute descended to his sister of the whole blood to the exclusion of the sister of the half blood, and this, though he died "before marriage, without heirs capable of

inheriting, and under twenty-one years of age," and though his estate had never been set apart to him, yet by operation of law it belonged to him absolutely, and was in no way subject to the bequests of the will.

*Let the decree of the court below be affirmed.*