CLARK *v.* CLARK ET AL.

[89. South. 4,  No. 21832.]

1.  DESCENT AND DISTRIBUTION. *After-born children, not provided for in will, held vested with absolute title to property as if parent had died intestate.*

Under section 5086, Code of 1906 (section 3368, Hemingway's Code), relating to the inheritance of a testator's children, born after the making of the will, and not mentioned or provided for therein, such children become vested with an absolute title to such share of the estate as if the parent had died intestate.

2. DESCENT AND DISTRIBUTION. *Wills. After-born children held to in-herit interest in decedent's estate; devises and legacies held sub-ject to proportionate contribution to make up shares of after-born children.*

> Where decedent at the time he executed his will had living a wife and two children, for whom he provided in the will, and there-after and before his death he had born two other children, for whom no provision was made by codicil or otherwise, these two after-born children inherited under section 5080, Code of 1906 (Hemingway's Code, section 3368), an undivided one-fifth in-terest of their father's estate in fee simple, subject only to the payment of the debts of the decedent. Under this statute the devises, bequests, and legacies to the wife and two children pro-vided for in the will must contribute proportionately to make up the shares of these after-born children.

3. WILLS. *Widow, failing to renounce will, takes just as any other beneficiary.*

> When a widow fails to renounce her husband's will, where pro-visions is made for her, and elects to take under the will, she takes just as any other beneficiary thereunder.

APPEAL from chancery court of Coahoma county.
HON. G. E. WILLIAMS, Chancellor.

Proceedings between Mrs. Valerie W. Clark and Charles W. Clark and others to construe the will of Paul Clark. Decree for the latter, and the former appeals. Affirmed and remanded.

*Sam P. Walker,* for appellant.

The rights of the widow under this will and of the two children living at the time of its execution, are plain enough, and the difficulty only arises when we undertake to fix the rights or their shares after deducting therefrom the shares of the two pretermitted children. To begin with, we frankly admit that section 5080 of the Mississippi Code controls the rights of these children as the same is con-strued in *Watkins* v. *Watkins,* 88 Miss. 148. We raise no question as to the rights of these children under this stat-ute nor upon the law as laid down by the Mississippi court in that case.

The proposition that we wish to advance is not controlled either by this statute or by this case, and so far as we can ascertain is of novel impression in the state of Mississippi. However, we believe it is based upon fundamental principles that are sound in justice and in law.

The fundamental basis of the rights of the widow is that creditors and purchasers for value stand in a more advantageous position than beneficiaries under the will or pretermitted children. In the present case, the pretermitted children are entitled to share in their father's estate as though he had died intestate. That is, under ordinary circumstances they would be entitled to one-fifth of the estate as the testator left living four children and his widow, each entitled to one-fifth of the estate. But the testator in his will left the widow less than she is entitled to by law, which she accepted in lieu of her marital rights under the law. She could have dissented from the will and obtained a greater share of the estate. When she failed to do this, she thereupon became a purchaser for value of so much of the estate as she is entitled to. He could not by any means deprive the widow of her just share in the estate, while he has the absolute right to fix the share of any of his heirs or children. The guardian of the children insist that the widow is only entitled to a one-fifth interest for life and that upon her death her share does not go equally to all the children but only to the two oldest children. The construction thus placed upon the will is unfair and unequal.

We repeat, we are not undertaking in this case to controvert the principles of law laid down in *Watkins* v. *Watkins, supra,* but we wish to present to the court a case which is dependent upon entirely different legal propositions, and therefore one that is not governed by the principles of that case.

Our proposition of law can be stated briefly and very simply and it is as follows: A widow who takes a legacy under a will in lieu of her dower or marital rights, takes as a purchaser for a valuable consideration.

This doctrine of law is recognized in all the books upon wills under the head of "Election of Legatees" or "Abatement of Legacies." The latest expression is in Alexander on Wills, Vol. 2, section 698. But this is no new doctrine. Underhill on Wills, which is a standard work on the subject, in Vol. 2, section 748; *Durham* v. *Rhodes,* 23 Md. 233, 242; see, also, *Mathews* v. *Targarona,* 104 Md. 442, 10 Ann. Cas. 153, 65 Atl. 60; *Brown* v. *Brown,* 79 Va. 648; *Ellis* v. *Aldrich,* 70 N. H. 219, 47 Atl. 95; *Warren* v. *Morris,* 4 Del. Ch. 289; *Williamson* v. *Williamson,* 6 Paive Ch. (N. Y.) 298; *Dunning* v. *Dunning,* 82 Hun. (N. Y.) 462; *Plum* v. *Smith,* 70 N. J. Eq. 602; *Security Co.* v. *Bryant,* 52 Conn. 311; Underhill on Wills, sec. 372; 1 Am. and Eng. Enc. of Law, 56 to 58; 40 Cyc., page 906; *Pope* v. *Pope,* 209 Mass. 432.

The above citation of authorities are from text-books or from various cases in the United States upon the subject. Most of these authorities are cases where legaices have been left in lieu of the common law dower rights of a widow. But this question is really immaterial. The principle underlying all of the cases is that any legatee who in consideration of his election to take his legacy under a will in lieu of fixed or vested rights thereby becomes not a mere recipient of the bounty of the testator but a purchaser for a valuable consideration.

The Mississippi law, although it has not gone as fully into this question as other states, yet we find the question settled in Mississippi. *Currie* v. *Naylor & Murphy,* 35 Miss. 473; *Burridge* v. *Bradly,* 1 P. Wm. 127; *Blowr* v. *Morret,* 2 Ves. Sen. 420. The above case from your supreme court is simply in line with the general authorities, and although it was decided prior to the statutes which now govern the rights of the widow, yet the principles involved are identical. See, also, *Collins* v. *Melton,* 40 Miss. 242.

Counsel representing the widow in this case has read a great many cases on this subject, and the best and the most elaborate discussion on the subject which goes into

the reasons underlying the law, is the case of *Overton* v. *Lea,* 108 Tenn. 507, 68 S. W. 250. The case of *Overton* v. *Lea,* is in reality so able a discussion of the subject and presents the reasons so fully, that we are taking the liberty of attaching so much of the case to this brief as directly relates to the subject.

One other question that comes up is, what are the rights of the pretermitted children, and must their share contribute towards the one-third income for the widow? Without hesitation, we say that the rights of the children under the will and the pretermitted children are exactly the same, not by virtue of the will, but by virtue of law. We are frank to say that we have been unable to find any cases bearing directly upon this question. The authorities which we have cited above all hold plainly that general and specific legatee such as the two oldest children, are inferior in rights to a widow taking as a purchaser, but none of the cases pass upon the question of what would be rights of pretermitted children. The logic, however, upon what their rights should be in fairness and justice, leaves no real room for argument. The pretermitted children take their share under the statute subject to the debts and other charges that are a lien upon the estate. A pretermitted child does not escape the payment of his share of the debts of the estate. Regardless of whether the father dies testate or intestate, the debts of the estate must be paid, and a pretermitted child must pay his just share of such debts. In the present case there are certain debts and we think the widow's share in lieu of the marital rights is certainly in the nature of a debt, or otherwise she could not be a purchaser. In fact, it is a lien or charge upon the entire estate.

Fourth and Fifth Assignments of Error. These two assignments of error relate solely to the manner in which the debts of the estate to the Ashton Land Company should be paid. Counsel for complainant in their brief in the lower court cite authorities and Mississippi statutes relative to the payment of the debts of the estate.

A complete answer to these authorties is the proposition that we have heretofore advanced, that the widow herself is a creditor. In short, before the children, who are the general legatees or heirs at law of the deceased, can take, the debts of the estate must be satisfied and the general creditors must first be satisfied and thereafter the widow as a special creditor must be satisfied.

This brings us to a matter which complainant has not covered in his brief at all, and which is not a question of law but a question of the rights of the widow. This estate has been handled practically exclusively by Mr. Charles W. Clark, one of the trustees, under the will. We have no criticism at all to make of Mr. Clark's handling of the estate or his management of the Ashton Land Company. However, we do believe that Mr. Clark has been proceeding under the theory, as stated in his brief, that the widow must pay a portion of the debts of this estate. Our theory on this subject is absolutely to the contrary, and we have heretofore set forth our reasons for this very fully.

*Chas. W. Clark,* for appellee.

The Shares of the Children, and the Income of the Wife. If the testator had had no more children, this will would have stood as a very clear expression of testamentary intent. The defendant, Mrs. Valerie W. Clark, might still contend that it left unsettled the question as to who should pay testator's debts, but the writer cannot take seriously the contention that anything less than the whole estate is responsible for these debts, as will be shown hereafter.

But the birth of the two after-born children is the complicating feature of this will and there is no question whatever but that their rights are given and vested under section 5080 of the Code, and from no other source whatsoever.

On this point, we have one of the most careful and searching decisions ever rendered by the supreme court

of Mississippi.  *Watkins* v. *Watkins,* 88 Miss. 148.  The status of all is as follows:  Charles 3/10, Virginia 3/10, Valerie 2/10, Sam 2/10.

The charge in favor of the widow gives her one-third the income from the estate of Charles, and one-third the income from the estate of Virginia, making a total income for her of two-tenths or one-fifth the income from the entire estate.  So that Charles and Virginia each have left two-tenths or one-fifth the income of the entire estate during the life of the widow, and Sam and Valerie each have the same income.  Charles would have one-fifth of the total income; Virginia, one-fifth, Mrs. Valelie W. Clark, one-third, Valerie, two-fifteenths, Sam, two-fifteenths.

But it must be remembered that Sam and Valerie derived their rights wholly and entirely under the statute, which so far as they are concerned, sets aside the will.  And to give them their one-fifth portion of the estate subject to a charge of one-third their income in favor of the mother, is to fly in the face of the statute.  Such a solution sets up a trust in favor of the mother and overrides the statute and the ruling of the court in the Watkins case.  For, under the decision of the court in that case, Sam's and Valerie's estates come to them "by operation of the law" and belongs to them absolutely, and in no way subject to the bequests of the will."

The case of *Smith* v. *Robertson,* 89 N. Y. 558, is to the same effect.  Another leading authority on this point is: *Smith* v. *Olmsted* (Cal.), 12 L. R. A. 46; *Smith* v. *Robertson,* 89 N. Y. 598.  In answer to the arguments of appellant which are based upon the old common law reasoning as to dower and dower rights, we can only say this: In Mississippi, dower is dead.  In its place, we have statutes clear, unequivocal and mandatory.  The widow no longer takes as widow, but as heir of her husband.  If not satisfied with the provisions of her husband's will, she can renounce it, and in such case she inherits from her husband just like any other heir, and just as if no will had ever been made.  *Kelly* v. *Alfred,* 65 Miss. 495; *Hope* v.

*Hoover,* 21 So. 134; *Lemon* v. *Rogge,* 11 So. 470; *Dana* v. *Dana,* 115 N. E. 418 (Mass.).

Before the enactment of section 1171, Mississippi Code of 1880, and the sections immediately following, our reports swarmed with cases involving dower, and all the common-law reasoning was examined and commented upon. But since the entire principle of dower was abolished, and the wife inherited from her husband, this court never alludes to the subject of dower, or bases any reasoning on the old common-law principles of dower, but looks to the statutes on the subject and interprets them.

And it is a striking fact that since common-law dower has been abolished and the wife is treated as an heir, the great flood of litigation over dower, and over the rights of a wife in the estate of her husband, has almost ceased.

B. Who Pays the Debts?    In item one of the will, the testator states that he desires that his debts shall be paid. How? He does not state. But section 2056 of the Code of 1906 is as follows: "2056 (1881). What considered assets.—The goods, chattels, personal estate, choses in action, and money of the deceased, or which may have accrued to his estate after his death from the sale of property, real or personal, or otherwise, and the rent of lands accruing during the year of his death, whether he died testate or intestate, shall be assets, and shall stand chargeable with all the just debts and funeral expenses of the deceased, and the expenses of settling the estate; and the lands of the testator or intestate shall also stand chargeable for the debts and such expenses over and above what the personal estate may be sufficient to pay, and may be subject thereto in the manner hereinafter directed."

In *Gordon* v. *James,* 86 Miss. 719, the court, commenting upon this section and the three that follow it, says: "Regardless of the rule which might have formerly prevailed, or which may now control in jurisdictions in which there has been neither modification nor regulation by express statute either as to the mode to be followed in the dis-

tribution of estates or as to what were formerly considered assets, we now are governed by statutory provisions and must first seek in them a definite and certain rule for our guidance. Giving to the sections quoted their natural and usually accepted meaning it is evident to our minds that the rents following from the lands of the testator—are alike considered assets of the decedent whether testate or intestate, and as such pass into the hands of his legal representatives, and constitute a portion of the primary fund which is liable for the payment of the debts of decedent and the expenses of the administration of the estate—nothing short of the positive fund which is liable for the payment of the debts of decedent and the expenses of the administration of the estate—nothing short of the positive, unequivocal expression of the testator can avoid the application of the statute. *Fisk* v. *M'Neil,* 1 How. (Miss.) 535; *Briggs* v. *Horsey,* 39 Mass. 288; *Cooch* v. *Cooch,* 1 Am. St. Rep. 161 (Del.).

There can, therefore, seem little doubt but that in the absence of any testamentary direction to the contrary, the debts of Paul Clark must first be paid, and that after the payment of such debts, the two pretermitted children have their shares set aside to them, and that, thereafter, the provisions of the will as to the payment of income to the widow from the shares of Charles and Virginia must be given full force and effect. Since the law gives the widow the right to renounce the will, there are no presumptions for or against her. She can either take under the will, or as an heir at law.

Accordingly, all the findings of the chancellor are correct.

SYKES, P. J., delivered the opinion of the court.

By this suit we are called upon to construe certain items of the will of the late Paul Clark. From the construction placed thereon by the chancellor Mrs. Valerie W. Clark, widow of the decedent, prosecutes this appeal.

This will was executed on the 17th day of April, 1905. At that time Paul Clark and his wife, Valerie Walker Clark, had two living children, Charles and Virginia. Subsequent to the making of the will and before the death of Paul Clark two more children were born to them by name Valerie and Sam. No other will was made, and no changes by codicil after the birth of these two children.

Item I of this will is as follows:

"I desire that all of my just debts shall be paid, provided they are probated and registered and allowed in the manner and within the time required by the laws of the state of Mississippi."

Item II bequeathes to his wife, Valerie Walker, all personal effects, consisting of books, clothing, jewelry, buggy, harness, and all other personal chattels of like kind. It also states that the testator has already given her a home in Clarksdale, Miss., and she is further bequeathed in this item all the household furniture therein, and all other belongings pertaining thereto.

Item III appoints three trustees, and vests in them the title to all property of the decedent, both real and personal, not bequeathed to his wife under item II, to be held in trust by them for the use of his two living children, subject to the terms and charges of the will.

Item IV reads as follows:

"I have now two children living, and I will that my said wife Valerie Walker shall have one-third of the net incomes from the separate estates of my children during her lifetime only, but the said income to be paid to my wife, as aforesaid, shall not vest in her any interest in my estate, but she shall have a share only from a portion of the income thereof as aforesaid, which said portion of such income is hereby fixed as a charge on the respective aforesaid shares or portions of each of my said children in my said estate."

Item V contains a direction to the trustees relating to the maintenance, support, and education of each of the children, and directing them to invest and reinvest the

surplus of the incomes of the children for the benefit of the children. It concludes as follows:

"But it is expressly provided that the said charge of one-third of the incomes of the estates of each of my said children, fixed therein in behalf of my said wife, shall be charged only on the *corpus* of the estate of the said children as left to them at my death, and the same shall not be charged on any accumulation by investment or reinvestment or surplus apportioned and apportionable to either or both of my said children by the said trustees or their successors."

Item VI contains further directions to the trustees, and is not necessary to be herein set out.

Items VII and VIII are as follows:

"Item VII. The said trustees shall have the right at any time, in their entire election and discretion to inventory and appraise the said estate hereby devised to my said children, and, keeping one-third thereof as of the date of my death in trust, to set apart and apportion to either or both of my children who may reach the age of twenty-one years, such reasonable portion of said estate as may belong to him or her, as they may determine, and thereafter the said trustees shall retain the residue and devote the income thereof to my wife, to the extent of one-third of the income of the entire estate so devised to each of said child or children as hereinbefore directed, and the residue of said income to the child to whom no advances may have been made in the proportion hereinbefore provided for, taking into account always the extent and amount of any such advance that may so be made to any of either of my said children, subject to the right of the trustees in their discretion to care for either in excess of the income accruing to him or her, as aforesaid."

"Item VIII. The said trustees shall have the right, and I hereby expressly confer the authority upon them, at any time, at their discretion, to set aside such part or portion of the said estate hereby devised to my said children as shall, in their opinion, be sufficient to produce the amount

of income provided for my wife, as hereinbefore provided for, out of the said portion and estates of my said children. And, if the said trustees shall exercise the said powers herein conferred upon them, they shall thereafter hold the said portion to set apart in trust, as hereinbefore provided for, and pay over to my said wife during her lifetime the income thereof. And the said trustees shall take the residue of the said estate and may distribute the same to my said children as each of them shall attain the age of twenty-five years; and the said one-third part or portion of my estate which may be so set apart, as aforesaid, after the death of my said wife, shall be dealt with as the rest of my estate and be equally owned between my said children after they attain the age of twenty-five years."

It is unnecessary to set out the other items of the will. Suffice it to say that elaborate provisions are made also for the appointment of guardians for the children, and these guardians are invested with power to invest and reinvest whatever moneys of the minors come into their possession not necessary to be used by them.

At the time of his death Mr. Clarke's estate consisted principally, if not entirely, of shares of stock in the Ashton Land Company, a land holding corporation of Clarksdale, Coahoma county, Miss. He owed approximately fifty thousand dollars at the time of his death.

The first question presented for decision is, what portion of the estate the two after-born children, Valerie and Sam, inherit under section 5080, Code of 1906 (section 3368, Hemingway's Code), and, second, whether or not each of their shares is subject to be charged with any portion of the income left the widow, Mrs. Clark.

Section 5080, *supra*, expressly provides that: Where a decedent leaves children born after the making and publishing of his will, "the child or children so after born . . . and neither provided for nor disinherited, . . . shall succeed to the same portion of the father's or mother's estate as such child or children would have been entitled to if the father or mother had died intestate, to-

wards raising which portion the devisees and legatees shall contribute proportionably out of the parts devised and bequeathed to them by the same will and testament in the same manner as is provided in the case of posthumous children."

Under this and the preceding section these children inherit the same portion of their father's estate that they would have inherited had he died intestate.   He left a widow and four children, therefore each of these afterborn children under these statutes inherits an undivided one-fifth interest in their father's property, and this they inherit in fee simple, free from all legacies of every character left in the will.   As is stated in the opinion in the case of *Watkins* v. *Watkins,* 88 Miss. 148, 40 So. 1001, these children become "vested with an absolute title."  They inherit by virtue of the law and do not take under the will, and any attempted charge upon their part of the estate by virtue of the will is inoperative, because they took in fee simple, freed from all charges or provisions of the will relating to legacies, devisees, or bequests.

Item I of the will provides for the payment of all of the debts of the testator, and these debts should of course be paid out of the assets of the estate before these afterborn children or the other children and the widow receive their portion of the estate.   In other words, the debts should be first paid.

Under the terms of the will the remaining three-fifths of the corpus of the estate goes in equal portions to Charles and Virginia, Charles receiving a three-tenths interest and Virginia a three-tenths interest. Their portions, however, are chargeable each with a one-third annual net income in favor of their mother, Mrs. Valerie Walker Clark.   In other words, Mrs. Valerie Walker Clark gets one-third of the net income of the estate of Virginia and a like proportion from the estate of Charles.   It will be noted from an examination of the will that the testator was very careful in providing for the income of his wife to provide that she should receive one-third of the net in-

come of each child, and in no place in the will does he say that she shall receive one-third of the net income from the entire estate, but in every instance he specifically provides that she shall receive one-third of the income from each of these two living children.

It is ably contended by counsel for the appellant, Mrs. Clark, that she occupies a more favorable position than the other beneficiaries in the will, because she has relinquished a very valuable right, viz. that of renouncing the will under our statute, and that so far as her income is concerned she should be treated as a purchaser for valuable consideration, and should receive one-third of the income from the estate left by her husband, and that no part of this legacy should abate or proportionately contribute to the shares of the after-born children. In this state dower and curtesy were long ago abolished, and the rules of law thereto appertaining have no application to the construction of our present statutes. Under our statutes now a widow is made an heir of her husband, and in case he dies intestate she inherits from him a child's portion.

Under sections 5086 and 5087, Code of 1906 (sections 3374 and 3375, Hemingway's Code), when a husband makes an unsatisfactory provision for his wife in his will, or fails to provide for her, she is permitted, in the first instance, to renounce the will and take a child's part of the estate under the law, or, in the second instance, without renouncing the will, she can elect to take her share of this estate as an heir of the husband. These sections are modified by section 5089, Code of 1906 (section 3377, Hemingway's Code), which deals with the share a wife may take under the law where she has a separate estate.

When a widow fails to renounce where provision is made for her, and elects to take under the will, she takes, however, just as any other beneficiary, and in this case her legacy abates proportionately with that of the two children provided for in the will in making up the portions of the after-born children.

The will was so construed by the chancellor in the lower court, and his decree is therefore affirmed, and the cause remanded.

*Affirmed and remanded.*