SAMUEL H. PASHKOW et al., complainants-appellants,

*v.*

MORRIS FRANKEL et al., defendants-respondents.

[Submitted February term, 1928.   Decided May 14th, 1928.]

Under *4 Comp. Stat. p. 5865 § 21*—the statute of wills—the power of sale in a will is not disturbed by after-born children, who are not provided for by settlement, nor disinherited by the testator.   They take the same portion of the father's estate as if he had died intestate.   The power of sale in Susan Randall's will is in full force, undisturbed by after-born children.   *Van Winkle* v. *Van Winkle, 59 N. J. Eq. 370,* approved and followed.

On appeal.

*Mr. Jacob Lubetkin,* for the complainants-appellants.

*Messrs. Precker & Precker* and *Mr. Charles S. Gansler.* for the defendants-respondents.

The opinion of the court was delivered by

BLACK, J.

The bill of complaint was filed to rescind an agreement dated March 25th, 1927, for the sale of lands located in the town of West Orange, Essex county, New Jersey, and to obtain a return of a deposit paid thereunder.

The case was heard by Vice-Chancellor Church. He advised a decree dismissing the complainant's bill. The question to be answered is, Has the power of sale of the executor under the will of Susan Randall, wife of John Randall, lapsed, because of the birth of after-born children? This is the sole question in the case, so stated in the appellant's brief, thus: Whether the executor, notwithstanding the birth of after-born children, still retains his power to dispose of and convey that part of the decedent's estate which the after-born children would inherit? The facts out of which the controversy arose are these. Susan Randall died February 2d, 1918, leaving a last will dated August 24th, 1907, in which she devised her entire estate, both real and personal, to her husband, John Randall, and appointed him the executor with full power and authority to sell and convey the whole or any part of the decedent's real estate. At the time of her death Susan Randall left her surviving her husband, John Randall; Susan M. Randall, Earl H. Randall and Harvey S. Randall, children. Earl H. Randall and Harvey S. Randall were born after the making of their mother's will. No provision is made in the will for the after-born children, nor are they expressly disinherited. By deed dated April 23d, 1926, John Randall, as executor and John Randall as an individual conveyed the premises involved to Pauline Trautstein.

The statute of wills (*4 Comp. Stat. p. 5865 § 21*) provides:

"The child or children so after-born [*i. e.*, after making a will] or their descendant or descendants, respectively, if neither provided for by settlement nor disinherited by the said testator, shall succeed to the same portion of the father's estate as such child or children or descendants as aforesaid would have been entitled to if the father had died intestate, &c., the devisees and legatees, &c., shall contribute proportionally out of the part devised and bequeathed to them by the same will and testament."

Complainants refused to take title on the ground that the title was defective, and filed the bill, as stated above, for a rescission of the agreement, and to obtain a return of the deposit paid thereunder, the defendant by the agreement having sold the premises to the complainant.

The point involved in this case was examined by Vice-Chancellor Pitney with his usual care and thoroughness, in the case of *Van Wickle* v. *Van Wickle, 59 N. J. Eq. 317, 320.* In that case, the learned vice-chancellor said that, as to the continued existence of the power of sale, the well-settled rule in New Jersey seems to be that in such a case the will is only disturbed so far as is necessary to give the posthumous child its full share of the estate. The very section which gives him his right assumes that the testamentary disposition will not be disturbed in any of its provisions, except to the extent necessary to provide for the after-born child.

That case, it is argued, is distinguished from the case under discussion. In that case the after-born child was born after the testator's death, but that is a distinction without a legal difference. The statute makes no distinction between after-born children.

We therefore hold, the power of sale under the will of Susan Randall is undisturbed and in full force. It seems unnecessary to add anything to the clear and conclusive reasoning of the learned vice-chancellor, in the case cited, except to approve, follow and apply the principle laid down in that case.

This leads to an affirmance of the decree of the court of chancery, which dismissed the complainants' bill, on the ground that the title agreed to be conveyed under the power of sale in Susan Randall's will is in full force. The title is not defective.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ.   15.

*For reversal*—None.