## GUION *v.* GUION

No. 40644        February 3, 1958        100 So. 2d 351

*Bridgeforth & Love,* Yazoo City, for appellant.

*Albert S. Gardner,* Yazoo City, for appellee.

ROBERDS, P. J.

By this litigation we are called upon to determine the inheritable rights of a daughter in the estate of her mother who has executed a will purporting to devise and bequeath all of her property to her husband, the daughter having been born after the execution of the will by the mother. The question arises under these conditions:

On January 24, 1938, Mrs. Minnie Grace Guion executed her last will and testament. The will purported to devise and bequeath to T. Campbell Guion, husband of the testatrix, all property of every kind the testatrix might own at the time of her demise. At the time she executed this will her heirs at law, had she died intestate, would have been T. Campbell Guion, her husband, and T. C. Guion, Jr., and Grace Guion, children of testatrix.

On April 23, 1942, another child, Victoria Augusta Guion, was born to Mr. and Mrs. T. Campbell Guion.

On May 22, 1956, Mrs. Minnie Grace Guion departed this life, leaving the foregoing last will and testament. Had she died intestate her heirs would have been her said husband and three children. At that time Victoria was fourteen years of age. The other two children, and, of course, the husband were adults.

Specifically, it is contended that, although Victoria is not a beneficiary under the will, she is, by virtue of being born after the execution of the will, an heir at law of her mother, under Section 659, Code of 1942, just as though her mother had not left a will. In other words, it is contended on behalf of Victoria that she was not "disinherited" but was only pretermitted by said will, and that, therefore, as a result of said Section 659 she is entitled to one-fourth of the estate left by her mother, subject to homestead and marital rights of her father.

On the other hand, appellant says that the will was effective to disinherit Victoria and that, therefore, she

is vested with no interest in the estate of her mother. The chancellor sustained the contention of Victoria. The father appeals here. Neither T. C. Guion, Jr., nor Grace Guion prosecuted an appeal.

In interpreting the will, as affected by said Section 659, and in an effort to determine the intent of the testatrix, we should take into consideration all of the terms and provisions of the will and the circumstances surrounding the testatrix when she executed the will. Slaughter v. Gaines, 220 Miss. 755, 71 So. 2d 760.

Omitting the attestation clause, the will reads:

"I, Mrs. Minnie Grace Guion, of Yazoo County, Mississippi, being of sound and disposing mind and memory and over the age of twenty-one years, do hereby make, ordain, declare and publish this My Last Will and Testament, hereby revoking all other wills by me heretofore made.

"Item 1. I hereby devise and bequeath all the property I possess, wherever situate, real, mixed and personal, to my husband, T. Campbell Guion.

"Item 2. I hereby appoint my said husband, T. Campbell Guion, executor of my estate without bond, entirely waiving the requirement of bond from him as such. I also waive any inventory and appraisement of my estate and any accounting, annual or final, to any court from him as such executor, with the intent that when he shall have probated this my Last Will and Testament and shall have given notice to creditors in the manner and form required by statute and paid such legal debts as may be probated against my estate, my estate shall then stand entirely administered without the necessity of any further legal proceedings whatever.

"Signed, sealed, published and declared as this my Last Will and Testament, this the 24th day of January, 1938.

"/s/ Mrs. Minnie Grace Guion."

Section 659, Miss. Code 1942, is as follows: "If a testator or testatrix, having a child or children born at the time of making and publishing his or her last will and testament, shall, at his or her death, leave a child or children born after the making and publishing his or her last will and testament, the child or children so after-born, if unprovided for by settlement, and neither provided for nor disinherited, but only pretermitted by the last will and testament, shall succeed to the same portion of the father's or mother's estate as such child or children would have been entitled to if the father or mother had died intestate, towards raising which portion the devisees and legatees shall contribute proportionately out of the parts devised and bequeathed to them by the same will and testament in the same manner as is provided in the case of posthumous children."

■■ ■ The bill of complaint was filed herein by T. Campbell Guion, beneficiary in the will. Respondents are T. C. Guion, Jr., and Mrs. Grace Guion Lee (Grace Guion being then married) and Victoria Augusta Guion, fifteen years of age, appearing through her guardian, T. C. Guion, Jr. The first two answered, admitting the essential facts alleged in the bill, and that T. Campbell Guion was the owner under the will of all of the estate of which Mrs. Minnie Grace Guion died seized and possessed. Victoria filed a general demurrer to the bill on the one ground that "There is no equity on the face of the said bill". This demurrer, of course, admitted as true the essential and relevant facts properly set out in the bill. So that, in passing upon the question here involved, we must accept such facts as being established.

The bill alleged that Mrs. Minnie Grace Guion, wife of complainant, departed this life May 22, 1956, leaving the above quoted instrument as her last will and testament; that the will was duly probated through the chancery court of Yazoo County, Mississippi, that T. Campbell Guion was duly appointed and qualified as the executor

in said will; that he had given due notice to creditors and had fully administered the estate, and was then ready to file his final account and distribute the property, but that because of the uncertainty as to title to the estate it was necessary for him to procure an adjudication of that question by a competent court of equity. The bill set out that the heirs at law of Mrs. Minnie Grace Guion were the husband and the three children, giving the age of Victoria as fifteen years. The bill averred it was the intention of Mrs. Guion to disinherit her children and vest entire title to her property in complainant when she executed the will and which intent continued to the date of her death, and that she thought she had done that. The bill then stated: " * * complainant further shows that at the time of his marriage to the deceased she was the owner of a large body of hill land in Yazoo County, Mississippi which was not remunerative and owned no personal property to operate said lands, that the deceased and the complainant together began the operation of said lands, the complainant providing the work and management of said lands; that during her lifetime and subsequent to their marriage through the complainant's efforts said lands were largely improved, sufficient equipment was acquired to effectively operate said lands and a large herd of cattle were purchased from the successful operation by him of said lands and an additional body of land, containing several hundred acres, were purchased from the proceeds of said operation, title to which was taken in the name of the deceased; that the deceased realized the value of her property had been greatly increased and in fact the ownership thereof maintained by the efforts of the complainant and she further realized that to effectively operate said lands subsequent to her death the title thereof should be vested in the complainant and she was satisfied complainant would do the right and proper thing by her children and would care for and maintain them in a much better manner than if

her property had gone to the complainant and the defendants in equal shares as by inheritance.''

The specific contention of appellee, as we understand it, is that the conveying words of the will ''I hereby devise and bequeath all the property I possess, wherever situated, real, mixed and personal, to my husband T. Campbell Guion'' are not enough to disinherit Victoria under the will. She says the will to disinherit her, should have contained an express, specific clause, affirmatively directed to Victoria, following the devising clause to T. Campbell Guion, such as ''hereby disinheriting all children who may be born to me'', or ''by such provision I am disinheriting all my children now living and those who may be born to me hereafter''. It will be noted that Section 659 does not deal with the manner or method of disinheriting. It simply says the after-born child may inherit if not ''disinherited'' by the will. Appellant says the devising clause in the will, as written, did disinherit Victoria, as well as the other two children. It does not appear this Court has passed upon this specific question.

There are four cases in Mississippi which have a slight bearing upon the question under consideration.

In Watkins v. Watkins, 88 Miss. 148, 40 So. 1001, testator had a child by his first wife. That wife died. He re-married and had a child by the second marriage. Testator made a will providing for his two children and his living wife. After that another child was born to the second marriage. No mention was made in the will of the third child. Testator died. Court held the third child inherited one-fourth of the estate. There was no attempt at disinheritance in this case, and in the Watkins case, unlike the case at bar, provision was made for the other two children.

In Clark v. Clark, 126 Miss. 455, 89 So. 4, testator was married and had two children. His will provided for the wife and both children. Afterwards two other children were born. No provision in the will for either of

these two children. Court held each after-born child entitled to one-fifth of the testator's estate.

In Lee v. Foley, 224 Miss. 684, 80 So. 2d 765, this Court held that an adopted child of the testator, born before the making of the will but adopted after the making of the will, was not within the provisions of said Section 659.

The question involved in Mahaffey, et al. v. First National Bank, Adm'r., 231 Miss. 798, 97 So. 2d 756, was whether two after-born children had been provided for by the terms of the will. The Court held no provision had been made for these two children. The Court said, "We think there is nothing in the will or the circumstances surrounding the testator, at the time he made his will, to indicate that he had in contemplation children born subsequent to the execution of the will. He provided in his residuary clause that the residue of his estate be distributed in four parts, one part each to his wife and to his then living children as named. It is a reasonable deduction from this that the testator had in mind only his then living children." Of course, in that case as distinguished from the case now under consideration, the will provided for the children who were living at the time of its execution, whereas in the case at bar these living children were by the will placed in the same class as the after-born child.

In Coulam v. Doull, 33 L. Ed. 596, a Utah case, the testator devised his estate to his wife, in simple and general terms, as was done in the case at bar, with no express clause disinheriting his children, all born before the execution of the will. The children sought to share in the estate. The Utah statute conferred a right in the children to share in the estate unless it appeared that the omission was intentional. Oral testimony was admitted to show the testator had no property other than that mentioned in the will and that the wife had aided in the acquisition of the testator's property, and that he was cognizant of his children when he executed the will.

The Court held that this testimony was competent and found that the children were intentionally omitted from the will although such omission was in general and simple terms. The Court further found that the effect of the omission was to be determined at the time of the death of the testator.

In Leonard v. Enochs, 92 Ky. 186, 17 S. W. 437, the statute provided that the after-born child might share in the estate if not provided for by settlement, and neither provided for "nor expressly excluded by the will." Notwithstanding the requirement that the child must be "expressly excluded", the Kentucky court said: "It makes no difference in what form such intention may be expressed in the will. It may be by direct words of exclusion, or it may be gathered from the whole will that the testator intended to exclude the after-born child, and, if thus gathered, it is 'expressly excluded' by the will." The court further observed that while the excluded child was not designated by name the wording indicated the intentional exclusion of the child by context. The Court further remarked that the exclusion was not intended to apply to the particular living child alone, but to all the testator's children as a class "and it would be an anomaly to hold that all the testator's living children—infants and all—were intentionally excluded as a class in the interest of the testator's wife." The Court then deduced this rule "so it seems to be the correct rule that if it clearly appears from the will that the testator intended to omit all his children as a class, not some of them, from the provisions of his will, such intention will include the after-born child, unless it appears it was not the intention to exclude it."

The case of Hedlund v. Miner, 395 Ill. 217, 69 N. E. 2d 862, sets out the statute of that state which deals with the question we are considering. That statute rendered ineffective provisions of a will to an after-born child unless it appears by the will that it was the intention of the

testator to disinherit the child. That court observed that the determining factor was the intent of the testator "and that in order to remove the will from the operation of the statute, the intention to disinherit must appear by the will". The court then observed it was not necessary that the intention "be declared in express terms, but the same may be drawn from the language of the will when construed in connection with the proved facts and circumstances surrounding the testator when the will was made. * * * ."

In Fleming v. Phoenix Trust Co., 162 Tenn. 511, 39 S. W. 2d 277, the testator left his wife and three children, two children having been born before the will was made and one thereafter. The will after directing that the debts be paid out of life insurance policies, contained this devising clause, "all the remainder of my property after payment of my debts, I give to my wife, Eugene Algeo Fleming". The Tennessee statute permitted after-born children to share in the estate if not provided for "nor disinherited, but only pretermitted in such will" and not provided for by settlement. The court observed that the statute was not designed to diminsh the father's testamentary power but was designed to supply an omitted intention in behalf of after-born children unintentionally excluded from participation in the estate. "If the will expressly or by implication discloses an intention to exclude children from a share in the estate, then the statute is not to be given effect." The court referred to the case of Reeves v. Hager, 101 Tenn. 714, where the will merely omitted the name of the child. In that case a wife made a will devising all her property to her husband, making no mention of her children, just as was done in the case at bar. At the date of the execution of the will she had one living child about four years old and at her death she left another child about three weeks old. The court observed that the will speaks as of the date of the testator's death and deduced the conclusion that the

mother by failure to mention the two children disinherited them in favor of their father.

In Hawhe v. Chicago & W. I. R. Co., 165 Ill. 561, 46 N. E. 240, the court observed "in order to disinherit appellant the testator was not required to state the fact in express terms of the will. It is enough that the intention appears from the will, upon consideration of all of its provisions."

The appellee admits that there is no Mississippi case deciding this question. She refers to the New Jersey statute which permits the after-born child to share in the estate if neither provided for by any settlement nor disinherited by the said testator, and to the case of Pashkow, et al. v. Frankel, et al., 102 N. J. Eq. 547, 141 A. 746, construing said statute. In that case the testatrix, who then had a living child, left her entire estate to her husband. Thereafter two children were born and no provision was made in the will for the after-born children. The will contained a power of attorney to the executor and the question determined by the court was whether the power of sale had lapsed because of the birth of after-born children. The court held that the after-born children took under the statute. It said, "nor are they expressly disinherited". That case appears to be authority for appellee.

Again appellee cites the West Virginia statute as set out in Ramsey, et al v. Saunders, 114 W. Va. 590, 172 S. E. 798. The statute in that case required that the after-born child be "expressly excluded by the will". The will made no provision for the after-born child. It directed the wife to take care of and educate the child or the children as the case might be. No part of the estate was set aside for the after-born child. The court said, "to pretermit is to pass by, to omit, to disregard". If the intention to exclude appears upon the face of the will, the child has not been omitted or passed by. If the child has been provided for by the will, however inade-

quate the provision may be, the child is not pretermitted nor omitted.

Bouvier's Law Dictionary, 14th Ed. Vol. 1, page 483, gives the definition of disinheritance as ''the act by which a person deprives his heir of inheritance, who, without such act, would inherit''.

27 C. J. S., page 149, contains this definition, ''the act by which a person deprives his heir of an inheritance, who, without such act, would inherit; the act by which the owner of an estate deprives a person of the right to inherit the same who would otherwise be his heir.''

72 C. J. S., page 496, says that pretermit means to pass by, omit, or disregard.

■■■ There are two types of statutes applying to the rights of disinherited after-born children—one is called the ''Missouri type'' and the other is called the ''Massachusetts type''. The Missouri type statute omits all reference to intention. ''Its application is dependent only on the failure of the will to name or provide for the child or the issue of a deceased child. A statute of this type applies where the child or descendant is not named or provided for, irrespective of the testator's intention to disinherit him, and extrinsic evidence of such intent is not inadmissible''. On the other hand, ''The 'Massachusetts type' statute emphasizes the intention of the testator as the material factor in determining whether or not the child or descendant is disinherited.'' 57 Am. Jur., par. 583-4, pp. 400-401. This Court is committed to the Massachusetts type of statute. Slaughter v. Gaines, supra. In such case the intent is to be determined by the words of the will and by the circumstances surrounding the testator, including the events and circumstances happening after the execution of the will and before the death of the testator. 57 Am. Jur., Par. 583, supra.

In the case at bar, the testatrix, by the very words of the will, vested a fee simple title in T. Campbell Guion.

She knew that was the effect of what she did. By such vesting of the absolute title she necessarily disinherited all other persons. Her intention was clearly manifested by what she did. In addition to that, the bill in this cause sets out facts which logically establish to a great extent the fact that she intended to devise and bequeath her property to her husband, and the bill furthermore states as a fact that she did intend to do just that and to disinherit her children. All of these allegations are admitted as facts in this proceeding, and we must accept and act upon them as being established without dispute. Therefore we have an instrument which disinherits the children by its terms and effect, and we have an undisputed fact that this is what the testatrix intended to do. The fact that she believed the husband would do what was right and fair by the children discloses a reason for her action but does not affect the result of what she did.

■■■ In passing on the question it is entirely proper to consider the result. If the contention of appellee were sustained then she would be entitled to one-fourth of the estate of her mother, subject to marital and homestead rights of her father, and the two children living at the time of the execution of the will would be entirely disinherited—a palpably unjust, unfair and unnatural result.

■■■ We are of the opinion that the testatrix, the mother of the three children, intended to disinherit them and to vest the title to her estate in her husband, in whom she had the utmost confidence, and that she disinherited the children as a class.

Reversed and remanded.

*Hall, Lee, Arrington* and *Ethridge, JJ.,* concur.