# Burns *v.* Allen.

## (*Jackson.* July 28, 1893.)

1. PAROL EVIDENCE. *Of testator's declarations, inadmissible, when.*

   Parol evidence is inadmissible under ¿ 3033 (M. & V.) Code (providing that a child born after the making of a will, "not provided for nor disinherited, but only pretermitted in such will," nor provided for by settlement, shall succeed to the same portion of the testator's estate as if he had died intestate), of declarations by the testator before and after making his will, showing that an omission to provide therein for a posthumous child was intended as a disinheritance.

   Code construed: § 3033 (M. & V.); ¿ 2193 (T. & S.).

2. DEED. *Construction of.*

   A deed reciting that it is given to a divorced wife "in settlement of all demands for homestead, alimony, counsel fees, and support of child," is not such a settlement on a posthumous child as will prevent it from inheriting under ¿ 3033 (M. & V.) Code, providing that a child, if unprovided for by will and not disinherited therein or provided for by settlement, shall inherit as if the testator had died intestate, especially if the decree of divorce has settled the same property on the wife with a provision that it shall not be construed as in any way "to militate against the yet unborn child" of complainant.

   Code construed: ¿ 3033 (M. & V.); ¿ 2193 (T. & S.).

---

FROM ·SHELBY.

---

Appeal from Chancery Court of Shelby County. W. D. BEARD, Ch.

JOHN R. FLIPPIN and G. P. M. TURNER for Burns.

B. J. KIMBROUGH, J. P. SYKES, and JAMES M. GREER for Allen.

MCALISTER, J.　This bill was filed in the Chancery Court of Shelby County by the guardian of Mattie Eddins, only child of John T. Eddins, deceased, against the defendants, who are sisters of said Eddins, to recover certain real estate devised to the latter under the will of said John T. Eddins. . The said Mattie is the posthumous child of John T. Eddins, and was born in March, 1891, her father, the said John T., having died in December, 1890.　It appears from the record that on October 17, 1890, the mother of Mattie Eddins procured a divorce from the said John T. Eddins in the Circuit Court of Shelby County, and in the decree certain real estate was settled upon the divorced wife.　It further appears that on December 4, 1890, the said John T. Eddins made and published his last will and testament, in which he devised all of his remaining property to his two sisters.　As already stated, the said Eddins died December 17, 1890, and the said Mattie was born in March following.

The bill is filed by the guardian of the child under § 3033, Code (M. & V.), which provides as follows: "A child born after the making of a will, either before or after the death of the. testator, not provided for nor disinherited, but only pretermitted, in such will, and not provided for by settlement made by the testator in his life-time,

shall succeed to the same portion of the testator's estate as if he had died intestate." This section of the Code was taken from the Acts of 1823, Chapter 28, viz.: "Where any person shall hereafter by last will and testament dispose of his property, and the same shall contain no provision for any child or children born after the making thereof, whether before or after the death of the father, and such child or children be neither provided for nor disinherited, but only pretermitted, in said will, nor any provision made for them by settlement, such child or children shall succeed to the same portion of the father's estate as he, she, or they would have been entitled to if the father had died intestate," etc.

It is claimed by counsel for defendants that this section is only intended to make provision for a child where the parent has by oversight or forgetfulness failed to mention it in his will, and that this meaning is obvious from the language employed in the statute, to wit: "But only pretermitted in said will, and not provided for by settlement made by the testator in his life-time." The defendants, upon this theory, offered, at the hearing below, to prove the declarations of the testator alleged to have been made both before and after the execution of the will, to show that the omission to provide for the child in the will was not the result of forgetfulness, but that it was intended as a disinheritance of the child. This evidence was excluded by the Chancellor, and defend-

ants assign this ruling as error. The contention of counsel for the minor child is that the act of disinheritance must affirmatively appear in the face of the will, and that parol evidence of the declarations of the testator is wholly inadmissible. This contention is based primarily upon the phraseology of the statute itself, to wit: "A child born after the making of a will, either before or after the death of the testator, not provided for nor disinherited, but only pretermitted, in such will," etc. The insistence is that this section must be interpreted as if it read "neither provided for nor disinherited in such will, but only pretermitted," etc.

Ordinarily, the failure of a testator to make provision for a child in his will would be equivalent to a disinheritance of that child, the testator possessing the absolute power to make any disposition of his property by last will and testament, no matter how capricious or apparently unnatural. But, under the express provisions of this statute, we are of opinion that a posthumous child of the testator will succeed to the same portion of his estate as in case of intestacy, unless, first, the testator had in his life-time provided for the child by settlement; or, second, the testator has made provision for the child in his will; or, third, unless there is an affirmative act of disinheritance of the child in the will itself. We think there was no error in the action of the Chancellor in excluding the evidence offered to show a parol disinheritance

of the infant complainant, and that his construction of the statute was correct.

The child being neither provided for nor disinherited by the will, it remains to be seen whether she was provided for by settlement made by the testator in his life-time. It is claimed this was done by a deed made to the testator's wife on October 18, 1890, which recites that, "whereas, a divorce has been granted by the Circuit Court of Shelby County, this is in settlement of all demands for homestead, alimony, counsel fees, and support of child," etc. The deed then vests the title of the property conveyed in his divorced wife, and clothes her with all the powers of a *feme sole,* to dispose of the same by will, deed, or mortgage, free from the debts and control of any future husband. The divorce bill had prayed that the title to the property might be vested in the wife for life, with remainder to the child, but in this deed from the husband the wife is vested with the absolute estate, and the child takes no remainder interest or estate of inheritance. It is manifest this is not such a settlement in favor of' the child as is contemplated in § 3034 of the Code.

Again, if Eddins intended this as a settlement on the child, he had no power to make it in respect to this piece of property, for the reason that the same piece of property had. on October 17— a - date prior to the date of the deed—by final decree of the Circuit Court, been settled upon the wife, with the distinct reservation "that it should

not be construed, accepted, or taken in any way to militate against the rights of the yet unborn child of complainant."

The said Mattie Eddins not having been provided for in the life-time of the testator, nor provided for in his will, nor disinherited in his will, the decree of the Chancellor giving her the real estate in question must be affirmed.