MRS. W. S. FLEMING, JR., ADMRX., COMPLAINANT, APPEL-
LEE, *v.* THE PHOENIX TRUST COMPANY, *et al.*, DEFEND-
ANTS, APPELLANTS.

(*Nashville.* December Term, 1930.)

Opinion filed June 10, 1931.

512

Fry & Woody, for complainant, appellee.

Hugh T. Shelton, for John Dunnington Fleming and Phoenix Trust Company.

Harry T. Cook, for Algeo Fleming.

Mr. Justice Cook delivered the opinion of the Court.

The complainant, widow of W. S. Fleming,. Jr., and the administratrix of his estate with the will annexed, brought this action seeking a construction of her hus-

band's will and the direction of the court as to the distribution of proceeds of life insurance policies.

The guardian of John Dunnington Fleming, infant son of W. S. Fleming, Jr., claims that its ward is entitled to a distributive share of the estate because pretermitted and not disinherited by the will of his father.

Testator died August 18, 1929, leaving complainant, his widow, and three children, to-wit: W. S. Fleming, age fifteen, Algeo Fleming, age eleven, and John Dunnington Fleming, a little over eight years old. The will, executed about eight months before the birth of John Dunnington Fleming and about eight years before the testator died, reads:

"I, W. S. Fleming, Jr., hereby publish this as my last will and testament, revoking all other wills by me at any time made. I direct that all of my debts shall be paid out of the proceeds of my life insurance policies.

"All of the remainder of my property after payment of my debts I give to my wife, Eugene Algeo Fleming.

"I nominate and appoint my father as executor of this will and no bond shall be required of him as such."

The estate is insolvent. The proceeds of life insurance policies, which were payable to the estate and made subject to testator's debts under a provision of the will, amounted to $9752.64. The guardian insists that John Dunnington Fleming is entitled to a distributive share of the life insurance as a pretermitted child, born after execution of the will, by force of section 3925 of Shannon's Code, free from the claims of creditors under section 4030 of Shannon's Code, which exempts the proceeds of life insurance, not disposed of in the life time of insured, from payment of debts. Section 3925, supra, provides:

"A child born after the making of a will, either before or after the death of the testator, not provided for nor disinherited, but only pretermitted in such will, and not provided for by settlement made by the testator in his lifetime, shall succeed to the same portion of the testator's estate as if he had died intestate."

■ This statute was not designed to diminish or annul the exercise of the father's testamentary power, but to supply an omitted intention in behalf of after-born children unintentionally excluded from participation in the estate.

■ It is to be supposed, nothing else appearing, that the father would not intentionally exclude children not in existence when his estate was disposed of by will from a share of the estate. The presumption of the lack of intention to exclude after-born children, some courts call it a presumption, arises only in cases where the testator's intention is not expressed, or is not to be necessarily implied from the will. If the will expressly or by implication discloses an intention to exclude children from a share in the estate, then the statute is not to be given effect. The statute which has been quoted is open to no other reasonable construction.

As said in *Bowerman* v. *Burris,* 138 Tenn., 220, 223, 197 S. W., 490:

"The testator can dispose of his property as he wishes. He may give it all to one child, or divide it among them in such varying proportions as his judgment and affection may dictate. He may even pretermit one or more of his children, not even mentioning them in the will, and they cannot complain, or find therein any ground for attack on the will. The only instance in which the pretermission of a child is held as ground of relief is in the case of an unborn child, and that depends upon the ex-

press terms of our statute, granting to such pretermitted child the same interest in the estate of his father as it would have taken in case of intestacy; the legatees and devisees being required to contribute proportionately to effect this result. Thompson's-Shannon's Code, sections 3925, 3926; *Burns* v. *Allen,* 93 Tenn., 149, 23 S. W., 111. A very strong case showing that a will merely omitting the name of a child is a disheritance is *Reeves* v. *Hager,* 101 Tenn., 714, 50 S. W., 760. In that case it appeared that the wife made a will devising all of her property to her husband, making no mention of her children. The will was executed April 1, 1878, and she died in November, 1879. At the date of the execution of the will she had one living child, aged about four years, and, at her death, left another child aged about three weeks. Under our statutes a will speaks as of the date of the testator's death; so in this case it appears that the mother, by failing to mention her two children, disinherited them in favor of their father.''

 The will cannot be read without perceiving that the dominent purpose of the testator was to subject the life insurance to payment of his debts and confer the remaining portion of his entire estate, real and personal, upon his widow, the mother of his children, to the exclusion of any child or children then living or afterwards born. Without children living when the will was executed, it could not be implied that he had this class of dependents in mind. But two children were then living. The claimant was born only a few months afterwards and nearly nine years before the testator's death. We are not left to conjecture about the father's intention which was to confer the estate upon his wife to the exclusion of his children, subject to the rights of creditors, relying upon his wife's motherly care to provide for their

children. The children were as effectively disinherited by the provisions of the will which passed the estate to the widow as if done by particular reference to each child.

An express declaration of intent to disinherit is not required to avoid the effect of the statute. Intent to do so may result from unavoidable inference. *Reeves* v. *Hager,* 101 Tenn., 712, 50 S. W., 760.

In *Leonard* v. *Enochs,* 92 Ky., 186, 17 S. W., 437, the Kentucky court, applying a somewhat similar statute, said:

"If it clearly appears from the will that the testator excluded all his children as a class, not merely the living ones or some of them, from the provisions of the will, such intention will exclude the after-born children."

The facts of this case do not fall within the rule of *Burns* v. *Allen,* 93 Tenn., 149, 23 S. W., 111. There is nothing in the will justifying the inference that the testator considered the posthumous child borne by his divorced wife and so the court properly applied section 4170 of Shannon's Code, designed to put posthumous children on a parity with pretermitted children.

In *Ensley* v. *Ensley,* 105 Tenn., 107, 58 S. W., 288, the intention of the testator not to exclude after-born and posthumous children resulted from an inference necessarily to be drawn from the provisions of the will. A gift was to the widow and two children, and, contemplating an after-born child, the testator attempted to provide for it by a self-defeating provision which passed nothing to such child. No provision, whatever, was made by him for the fourth, a posthumous child. Hence, that case is not controlling.

The chancellor held that the defendant's ward, John Dunnington Fleming, was disinherited and could not take as a pretermitted child under section 3925 of Shannon's Code.

Affirmed.