**SPIELDENNER, Extrx., Plaintiff, v. SPIELDENNER et, Defendants.**

Probate Court, Sandusky County.

No. 23704.    Decided April 20, 1954.

Leo W. Kenny, Fremont for plaintiff.
John D. Starn, Fremont, for guardian ad litem.

## OPINION

By GABEL, J.

Rita M. Spieldenner, as executrix of the estate of Robert S. Spieldenner, deceased, filed a petition in this Court asking the Court's determination of the rights of a posthumous child under the last will and testament of the decedent.

Under date of June 19, 1953, Robert S. Spieldenner executed his last will and testament. Item 1 thereof provides for the payment of debts. Item 2 is as follows: "All the property, real

and personal, of every kind and description, wheresoever situate, which I may own or have the right to dispose of at the time of my decease, I give, bequeath and devise to my wife, Rita M. Spieldenner, absolutely and in fee simple." Item 3 nominates Rita M. Spieldenner executrix and authorizes her to compound and compromise claims and to sell any or all of the estate as she deems best and to execute and deliver instruments of conveyance therefor. At the time of executing the will, Robert S. Spieldenner was in ill health. He had six children, ranging in age from 1½ years to 11 years, and his wife was pregnant six months with the seventh child. The seventh child was born three months after the execution of the will, to-wit, September 18, 1953. The testator died 38 days after the execution of the will, to-wit, July 27, 1953.

Sec. 10504-49 GC (§2107.34 R. C.) provides as follows: "If, after making a last will and testament, a testator has a child born alive, or adopts a child, or designates an heir * * * or if a child or designated heir absent and reported to be dead proves to be alive, and no provision has been made in such will or by settlement for such pretermitted child or heir, or for the issue thereof, the will shall not be revoked; **but unless it appears by such will that it was the intention of the testator to disinherit such pretermitted child or heir**, the devises and legacies granted by such will shall be abated proportionately or in such manner as is necessary to give effect to the intention of the testator as shown by the will, so that such pretermitted child or heir will receive a share equal to that which such person would have been entitled to receive out of the estate if such testator had died intestate."

The above quoted portion of §10504-49 GC is the portion thereof affecting the rights of the after-born child. This section of the code, as amended, became effective January 1, 1932. Prior to January 1, 1932, the old statutes with reference to pretermitted children provided as follows: **Sec. 10561 GC**: "If the testator had **no children** at the time of executing his will, but afterward has a child living, or born alive after his death, such will shall be revoked, unless provision has been made for such child by some settlement, or he is provided for in the will, **or in such way mentioned therein as to show an intention not to make such provision. No other evidence to rebut the presumption of revocation shall be received.**" Sec. 10563 GC provided as follows: "When, at the time of executing his will, a testator has a child absent and reported to be dead, **or having a child at the time of executing the will, afterwards has a child not provided for therein, the absent child, or child born after executing the will, shall take**

the same share of the estate, real and personal, that he would have been entitled to if the testator had died intestate."

Old §10563 GC would be controlling if it were still in effect. It will be noted that under the old statute, as set out above, the provision for an after-born child was mandatory. There are no exceptions provided for in this statute and there is no escape from the obligation to an after-born child except where the will clearly and definitely provides for said child. In other words, the old statute placed a definite limitation upon the right of a testator to dispose of this estate where an after-born child was involved. Under §10504-49 GC (§2107.34 R. C.), the language "unless it appears by such will that it was the intention of the testator to disinherit such pretermitted child or heir" leaves the door open to interpretation and construction.

Does the language "unless it appears by such will that it was the intention to disinherit such pretermitted child or heir" limit the Court to an expressed intention or may such an intention be implied from the facts and circumstances surrounding the testator at the time of the execution of the will? I can find no decided case in Ohio that construes this language. The Court must therefore resort to the statutes and decisions of other states having statutes of similar language. Illinois, Kentucky, and Tennessee have statutes of a similar nature and all of these states hold in their decisions that the intention to disinherit a pretermitted child may be implied from the language of the will and from the circumstances surrounding the execution of the will. A complete annotation of this question is found in 170 A. L. R. beginning at Page 1317. The case of Carl A. Hedlund, et al v. Lois Sweet Miner decided by the Supreme Court of Illinois on November 20, 1946 and reported in 395 Ill. 217 has a complete analysis of this question as it has been decided by the Courts of Illinois under a statute that has the exact language of the Ohio statute. Syllabus 3 of said case holds as follows: "Under a statute giving an afterborn child not mentioned in the will of its parent a child's share of the parent's estate, unless it appears by the will that it was the intention of the testator to disinherit the child, a testator's intention to disinherit an after-born child need not be declared in express terms, but may be drawn from the language of the will construed in connection with the facts and circumstances surrounding the testator when the will was made." This case further holds that under a statute providing for after-born children, where at the time of execution, testator has living children whom he disinherits, little short of an express provision in the will for

an after-born child will be construed as sufficient to give said child a share and by the same token, where a testator provides for living children and fails to provide for an after-born child, nothing short of an express disinheritance will cut off a pretermitted child.

The will submitted for construction in this case leaves the entire estate to the surviving spouse, makes no provision whatever for six living children and makes no mention of an after-born child of whom the testator was fully aware at the time he made his will. There can be no conjecture about the father's intention in this case. He was aware of his six living children. He was aware of the child in the womb of his wife and, still, in definite and express language left his entire estate to his spouse. Can any other intention be drawn from the language of the will other than an intention to leave nothing to any child born or unborn? It is the opinion of the Court that testimony may be taken as to extrinsic circumstances surrounding the execution of the will. In this case, the testimony revealed that the testator was in ill health, that he was the owner of a 100 acre farm with equipment and livestock thereon, that he was the father of six living children, that his wife was pregnant at least six months with the seventh child, and that he had discussed his intention with his wife to give to her his entire estate so that she would have adequate means to provide for and support the children living and the child yet unborn. He undoubtedly concluded that by leaving everything to his wife, the living children and the child enceinte were as fully disinherited by the provisions of his will as if it had been done by particular reference to each child.

It is evident from the wording of our present statute and with particular reference to the language "unless it appears by such will that it was the intention of the testator to disinherit such pretermitted child or heir" that the controlling factor is the testamentary intent of the testator and in order to remove the will from the operation of the statute the intention to disinherit must **appear by the will.** It is always the duty of the Court in construing a will to determine the intention of the testator. Of course, this intention must be determined by the language of the will interpreted in view of the facts and circumstances surrounding the testator at the time of execution. Hedlund v. Miner, 395 Ill. 217, uses the following language in discussing a situation similar to the one involved in this case: "The object of the statute is not to control the intention of the parent or to restrict his absolute power to disinherit any child, whether living or

subsequently born, but only to provide for such after-born children as were neither provided for nor disinherited in the will. The rule laid down in the cases involving the application of the statute is, that although the testator's intention to disinherit after-born children must be drawn from the will itself, it is not essential that such intention be declared in express terms, but the same may be drawn from the language of the will when construed in connection with the proved facts and circumstances surrounding the testator when the will was made." Other cases making a similar holding are as follows: Fleming v. Phoenix, 162 Tenn. 511; Leonard v. Enochs, 92 Ky. 186; Hawhe v. Chicago and W. I. R. Co., 165 Ill. 561. All of these cases cited above refer to a situation similar to the one cited in this opinion.

It is, therefore, the holding of this Court that, where a testator at the time of the execution of his will has six living children and his wife is six months pregnant with a seventh child and the evidence reveals that the testator was fully aware of the prospective birth of the seventh child within a few months time, and, under these circumstances devises his entire estate to his spouse without reference to the living children and the child yet unborn, an intention to disinherit said after-born child may be implied from the language of the will and the after-born child has no interest in the estate.

Entry will be drawn by attorney for the executor in accordance with this opinion.