W. A. VANDIFORD AND ARTHUR VANDIFORD v. H. G. VANDIFORD AND
WIFE, MONTIE PEARL VANDIFORD.

(Filed 3 November, 1954.)

**1. Quieting Title § 1—**

An action to quiet title under G.S. 41-10 must be based upon plaintiffs'
ownership of some title, estate, or interest in real property, and defendants'
assertion of some claim adverse to plaintiffs' title, estate, or interest, which
adverse claim must be presently determinable.

**2. Same—Adverse claim held not presently determinable, and therefore
plaintiff could not maintain action to quiet title.**

Plaintiffs alleged that they are lessees in possession of the property in
question under a lease giving them the right to a deed in fee simple upon
the death of the survivor lessor if lessees continue to meet their obliga-
tions under the terms of the instrument, and that lessors had executed a
paper writing purporting to make a testamentary disposition of the prop-
erty to others. The lease also gave lessees the option to terminate the
lease under certain conditions. *Held:* Lessors' demurrer to the complaint
should have been sustained, since the paper writing is without legal signifi-
cance either as a transfer of title or as a cloud thereon until probate, and
since the right of survivor lessor to devise the land by will is dependent
upon events now unknown and unforeseeable, and therefore, is not pres-
ently determinable.

**3. Wills § 1—**

A paper writing making testamentary disposition of property is without
legal significance either as a transfer of title or as a cloud thereon during
the lifetime of the person executing it, since a will takes effect only upon
the death of the testator and the probate of the instrument. G.S. 31-39;
G.S. 31-41.

APPEAL by defendants from *Frizzelle, J.*, Resident Judge of the Fifth
Judicial District, heard 16 August, 1954, of GREENE.

Defendants' appeal is from judgment overruling demurrer to com-
plaint.

The complaint, in substance, alleges:

1. Defendants, owners in fee simple of described farm lands and store
buildings in Greene County, executed and delivered their indenture dated
11 September, 1946, recorded 20 September, 1946, Greene County Regis-
try, a copy being attached as Exhibit A; and thereafter plaintiffs and
defendants executed an agreement dated 5 February, 1953, a copy being
attached as Exhibit B, which modified in specified particulars the pro-
visions of Exhibit A.

2. Under Exhibit A, defendants "for and in consideration of the agree-
ments and covenants hereinafter to be performed and fulfilled" by plain-
tiffs, "hereby demises, leases and farm-lets and rents to . . . W. A.
Vandiford . . . and to Arthur Earl Vandiford . . . upon the terms and

conditions hereinafter imposed upon each of them respectively and the agreements on their part respectively," the said farm lands and store buildings.

3. Provisions of Exhibits A and B confer rights and impose liabilities upon plaintiffs and defendants, including the following:

(a) Plaintiffs agree to pay specified amounts to H. G. Vandiford, defendant, and to Montie Pearl Vandiford, his wife, should he predecease her, during life. If plaintiffs default in said payments, "this lease and contract shall thereupon immediately terminate," and defendants, or either of them, in such case, "may enter in and take possession of the said lands and premises, including the said stores and expel" the plaintiffs therefrom.

(b) If, during the lifetime of H. G. Vandiford, the gross income from the cultivation of the lands and the operation of the stores falls below a specified figure, then plaintiffs "may at their option terminate this lease and agreement during the lifetime of defendants. "then and in such event, liable for any further payments as herein provided for above."

(c) If plaintiffs "shall fail to keep said buildings on said lands in good shape and condition as herein provided, then upon such failure this lease and contract shall thereupon terminate at the option" of the defendants, or either of them, and upon such termination defendants or either of them may enter into and take possession of said lands and premises.

(d) If plaintiffs fully comply with their obligations under the lease and agreement during the lifetime of defendants, "then and in such event, if the said W. A. Vandiford . . . shall then be living," defendants "do hereby direct, fully empower and authorize their . . . personal representatives to execute a good and sufficient deed and deliver the same to the said W. A. Vandiford conveying to him in fee simple the lands and premises herein described and leased under this contract"; and if W. A. Vandiford predeceases defendants and Arthur Earl Vandiford carries out the provisions of the lease and agreement then the deed is to be made to him. In such case, either W. A. Vandiford, or Arthur Earl Vandiford, "shall have and is hereby given said lands in fee simple, to the same extent and in the same manner as if a fee simple deed had been drawn and placed in escrow to be delivered to them or either of them upon the death of both parties of the first part, and the said parties of the first part do hereby fully authorize and empower and direct their executor or administrator or personal representatives, upon the death of both of them to draw a deed or such instrument as may be necessary to put into effect the full intent and purpose of the said parties of the first part." (Defendants are designated "parties of the first part" in Exhibit A.)

4. Plaintiffs entered in possession of said lands and property on or about 11 September, 1946, under Exhibit A, and remained in possession thereof.

5. Plaintiffs have complied with the terms of the agreement contained in Exhibit A and Exhibit B except provisions waived by defendants, and plaintiffs "agreed, intended and expected" to comply with all conditions to be performed by them as provided.

6. "9. That, as these plaintiffs are informed and believe and, upon such information and belief, allege, the defendants H. G. Vandiford and Montie Pearl Vandiford wrongfully claim title to said lands in a manner adverse to the interest of these plaintiffs, and adverse to the interest of these plaintiffs as conveyed to these plaintiffs by the paper writing referred to as Exhibit A. That the defendants H. G. Vandiford and Montie Pearl Vandiford have stated to various parties that they have a right to make, and have made, a will devising the entire property to a person other than those to whom they are obligated to convey the property on the conditions provided by the paper writing described in Exhibit A."

7. "10. That, as these plaintiffs are informed and believe and, upon such information and belief, allege, H. G. Vandiford has stated, and states, that the defendants will not comply with the terms of the written Agreement afore described; and that the defendants intend to make a disposition of the lands and property contrary to the provisions of the written Agreement."

8. "11. That, as these plaintiffs are informed and believe and, upon such information and belief, allege, H. G. Vandiford and Montie Pearl Vandiford have executed a paper writing purporting to be a will that will affect the interest of these plaintiffs in the lands heretofore described; and that such act on the part of H. G. Vandiford and Montie Pearl Vandiford would create, and does create, a cloud upon the interest and title of these plaintiffs. That the existence of this purported will has been made known to various parties in a manner that will constitute a cloud on the title to the interest of these plaintiffs."

9. The plaintiffs, under Exhibit A as modified by Exhibit B, are the owners of and seized of such interest in said lands as entitle plaintiffs to institute under the provisions of G.S. 41-10 to quiet their title.

Plaintiffs' prayer for relief is that they "be declared entitled to such interest in the lands and property as described in Exhibit A, subject to the conditions described in Exhibit A."

Defendants demurred on the ground that the alleged facts are not such as to entitle plaintiffs to maintain an action to quiet title under G.S. 41-10.

*J. Faison Thomson & Son and Walter G. Sheppard for plaintiffs, appellees.*

*Jones, Reed & Griffin for defendants, appellants.*

BOBBITT, J.　G.S. 41-10, in pertinent part, provides: "An action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims."

As stated by *Denny, J.,* in *Ramsey v. Ramsey,* 224 N.C. 110, 29 S.E. 2d 340: "Ordinarily, any person claiming title to real estate, whether in or out of possession, may maintain an action to remove a cloud from title against one who claims an interest in the property adverse to the claimant, and is required to allege only that the defendant claims an interest in the land in controversy. *Plotkin v. Bank,* 188 N.C. 711, 125 S.E. 541; *Carolina-Tennessee Power Co. v. Hiawassee Power Co.,* 175 N.C. 668, 96 S.E. 99; *Satterwhite v. Gallagher,* 173 N.C. 525, 92 S.E. 369; *Rumbo v. Gay Mfg. Co.,* 129 N.C. 9, 39 S.E. 581; *Daniels v. Baxter,* 120 N.C. 14, 26 S.E. 635." The cases cited indicate the liberal construction placed upon this statute in order that the use and marketability of realty will not be hampered by unresolved conflicting claims thereto.

Appellees (plaintiffs) emphasize the language of *Hoke, J.* (later *C. J.*), in *Satterwhite v. Gallagher, supra,* and quoted in *Carolina-Tennessee Power Co. v. Hiawassee Power Co., supra,* to wit: "And it should and does extend to such adverse and wrongful claims, whether in writing or *parol,* whenever a claim by *parol,* if established, could create an interest or estate in the property, *as in case of a parol trust or a lease not required to be in writing."* (Italics added.) While the quoted statement is significant as *dicta,* it is plain that the beloved and distinguished jurist had in mind instances where the adverse claim asserted by the defendant depends for its establishment upon parol, *e.g.,* a parol trust, an oral lease, etc. We have an entirely different situation in this case. Here the rights and liabilities of plaintiffs and of defendants, *inter se,* are governed by written contracts (Exhibits A and B), referred to in the complaint as the lease and agreement. Plaintiffs predicate their rights on these writings. Plaintiffs allege that defendants own the lands in fee subject to plaintiffs' rights under the lease and agreement.

The plaintiffs must own the real property in controversy, or have some estate or interest in it; and the defendants must assert some claim thereto adverse to the plaintiffs' title, estate or interest. These are essential elements of a statutory action to quiet title to realty. *Wells v. Clayton,* 236 N.C. 102 (107), 72 S.E. 2d 16. The express purpose of the statutory action being the determination of adverse claims, a controversy cognizable thereunder must be one *presently determinable.*

The gist of the complaint is that, assuming the present written contracts continue in effect, plaintiffs upon the death of the last surviving defendant will become entitled to a deed; and that the defendants claim

the right to will the lands to persons other than plaintiffs and in fact have executed a writing, in form a will, embodying such terms.

On the facts alleged, accepted as true on demurrer, plaintiffs are presently in possession and control of the lands, and defendants do not challenge the enjoyment by plaintiffs of rights to which they are presently entitled.

Whether plaintiffs' right to possession and control will continue through the lifetime of defendants will depend upon whether plaintiffs exercise the option given them under certain conditions to terminate the lease and agreement and upon whether plaintiffs continue to meet their obligations under its terms. Thus, the rights of plaintiffs hereafter will depend upon events now unknown and unforeseeable.

A will takes effect as of the death of the testator upon the probate thereof. G.S. 31-39; G.S. 31-41. Whether the defendants or either of them will die testate or intestate is unknown and unforeseeable. A paper writing, in form a will, executed by a person now living, is without legal significance either as a transfer of title or as a cloud thereon; for a person, having executed and revoked many such drafts, may die intestate. If the defendants or either of them should die leaving a will purporting to devise the lands to a person other than plaintiffs, the validity of such devise would depend upon the then existing rights and liabilities of the parties under the lease and agreement. If perchance plaintiffs should breach the contract, upon the death of the last surviving defendant the heirs at law could contest plaintiffs' claim to the lands just as effectively as could devisees under a will.

Assuming full performance by plaintiffs until the death of the last surviving defendant, plaintiffs are protected by their recorded contract against disposition of the lands by the defendants or either of them by will made in violation of plaintiffs' contract rights. *Clark v. Butts,* 240 N.C. 709, and cases cited. Compare: *Schmidt v. Steinbach,* 193 Mich. 640, 160 N.W. 448.

The action is not that of a vendee, the equitable owner under a contract to purchase realty, against a third party who claims also from the vendor or as a lien creditor of the vendor. 5 R.C.L., Cloud on Title, sec. 26; *Alfrey v. Richardson,* Oklahoma, 231 P. 2d 363. There is no allegation that defendants have conveyed or attempted to convey any interest or estate in the lands to a third party or that any third party asserts an interest therein.

Mere assertions of what defendants intend to do by way of willing the lands to persons other than plaintiffs, under the facts alleged, are not a sufficient basis for the statutory action to quiet title. 29 N.C.L.R. 332, and cases cited; 78 A.L.R. 40 *et seq.* This is true, *a fortiori,* when the

defendants' right to leave the lands by will as of the date of the death of the last surviving defendant, is not presently determinable.

Plaintiffs do not define their interest in the lands, which they seek to have determined by judgment herein, but allege "that the plaintiffs own, and are seized of, such an interest in said lands that may be quieted by provisions of G.S. 41-10," and "that the plaintiffs have instituted this action to quiet their title, to an interest in the lands," as contracted in Exhibit A. Hence, the action, in effect, is to ask the court to define the rights of the parties now and hereafter under the contract. The complaint fails to disclose any controversy or adverse claims as to plaintiffs' present rights. Future rights cannot be determined now because dependent upon events now unknown and unforeseeable. G.S. 41-10 applies only to the extent the alleged adverse claims are presently determinable. Hence, under the facts alleged, this action does not lie.

For the reasons stated, the demurrer should have been sustained.

Reversed.