CHRISTINE C. JOHNSON, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF T. B. JOHNSON, AND CHRISTINE C. JOHNSON, INDIVIDUALLY v. FANIDA CALE JOHNSON.

(Filed 7 March, 1962.)

**1. Wills § 64—**

At the time of executing the will in suit testator had a wife and one child. The will devised and bequeathed all of testator's property to his wife, stating that testator knew she would use same for the benefit of herself and "our children," and that testator made this disposition in order that his wife might carry on the business without the necessity of a sale of any part of the property. *Held:* A child born after the execution of the will is not entitled to a share of the estate, since the will referred to "children" and gave testator's reason for excluding them. G.S. 31-5.5.

**2. Trusts § 1—**

A devise and bequest to testator's wife "knowing full well she will use the same for the benefit of herself and our children" does not create a trust in favor of the children.

WINBORNE, C.J., not sitting.

APPEAL by defendant from *Parker, J.,* December 9, 1961, BERTIE Superior Court.

Civil action to have the court, by declaratory judgment, determine the rights of the parties under the will of T. B. Johnson. The facts are not in dispute.

T. B. Johnson, a resident of Bertie County, died on February 18, 1961. His will, excuted June 22, 1944, was probated in common form. At the time the will was executed, the testator and his wife, Christine C. Johnson, had one child, Elizabeth Ann Johnson, born April 17, 1942. Another daughter, Fanida Cale Johnson, was born November 20, 1950. The wife and both daughters survive.

The controversy involves this item of the will: "First. I give, devise and bequeath to my wife, Christine Johnson, in fee simple, all of my property, real, personal and mixed, of whatever kind and nature I may own at my death, and wheresoever situate, knowing full well that she will use the same for the benefit of herself and our children, and I do this in order that she may carry on any business that I own without the necessity of a sale of any part of my property."

Judge Parker entered judgment that Christine C. Johnson is the sole devisee and legatee under the will, and that Fanida Cale Johnson, the after-born child, is not entitled to share in the estate. Her guardian *ad litem* excepted and appealed.

*Gillam & Gillam by M. B. Gillam, Jr., for plaintiff appellee.*
*Pritchett & Cooke by J. A. Pritchett for defendant appellant.*

HIGGINS, J. The appellant makes two contentions: First: That Fanida Cale Johnson, an after-born child, is entitled to share in her father's estate, no provision having been made for her in his will. Second, if the court should hold the will manifests the testator's intent that the after-born child should not share in his estate, nevertheless the will creates a trust, and that Christine C. Johnson holds as trustee for the benefit of herself and of any children *in esse* at the date of the testator's death.

The controlling statute is G.S. 31-5.5: "A will shall not be revoked by the birth of a child . . . to the testator after the execution of the will, but any such after-born . . . child shall be entitled to such share in

testator's estate as it would be entitled to if the testator had died intestate, unless (1) the testator made some provision in the will for the child; (2) it is apparent from the will itself that the testator intentionally did not make specific provision therein for the child."

Mr. Johnson knew his will would take effect at his death. In plain and simple language he gave his estate to his wife in fee — nothing to Elizabeth Ann Johnson, his only child, then two years of age. Obviously he intended that any after-born child or children should fall in the same category as Elizabeth Ann and should not share in the estate. The use of the words "our children" is conclusive of this intent. The testator in the will assigned two reasons for the gift in fee to the wife: (1) "Knowing full well she will use the same for the benefit of herself and our children." (2) "I do this in order that she may carry on any business that I may own without the necessity of a sale of any part of my property." *Sheppard v. Kennedy,* 242 N.C. 529, 88 S.E. 2d 760.

Nothing in the will indicates any intent to create a trust. On the contrary, the testator gives his property to his wife, not in trust, not charged with any burden, but in fee, "knowing full well" how she will use it. *Clark v. Connor,* 253 N.C. 515, 117 S.E. 2d 465; *Morris v. Morris,* 246 N.C. 314, 98 S.E. 2d 298; *Andrew v. Hughes,* 243 N.C. 616, 91 S.E. 2d 591.

The judgment entered in the Superior Court of Bertie County is Affirmed.

WINBORNE, C.J., not sitting.