WACHOVIA BANK & TRUST COMPANY, EXECUTOR OF THE WILL OF ERNEST LYNDON McKEE, JR., DECEASED v. ERNESTINE N. McKEE, ANN McKEE, MINOR; ERNEST LYNDON McKEE, III, MINOR; AND ARTHUR WILLIAM McKEE, MINOR.

(Filed 30 October 1963.)

1. **Wills § 32—**
   A will takes effect and speaks as of the date of testator's death.

2. **Wills § 64—**
   .Testator had three children, one living at the time of the execution of the will, one born some four days thereafter, and the third was born almost three years thereafter. Testator died more than eleven years after the birth of the third child. The will left all of testator's property to his wife without making any provision for testator's children and there was nothing in the will itself to show that testator's failure to make provision for the children was intentional. *Held:* The two afterborn children are entitled to share in testator's estate as though he had died intestate. G.S. 31-5.5.

APPEAL by guardian *ad litem* for Ernest Lyndon McKee, III, and Arthur William McKee from *Martin, S.J.,* January, 1963 Civil Term, BUNCOMBE Superior Court.

The plaintiff, executor of the Ernest Lyndon McKee will, instituted this civil action for the purpose of having the Court, by declaratory judgment, determine whether testator's two sons, above named, born after the execution of the will, are entitled to share in their father's estate as if he had died intestate.

The controversy involves the following holographic will:

"I, Ernest Lyndon McKee, Jr., declare this to be my last will and testament.

"I bequeath and devise all of my property and belongings to my beloved wife, Ernestine McKee.

"I appoint Wachovia Bank and Trust Company, Asheville, N. C. my executor.

"This the twenty-eighth day of January, 1949.

"S/Ernest Lyndon McKee, Jr."

The testator and Ernestine N. McKee were married on July 11, 1942. They lived together until his death on April 9, 1961. A daughter, Ann McKee, was born June 20, 1945. Ernest Lyndon McKee, III, was born February 2, 1949. Arthur William McKee was born November 20, 1951.

Inventory of the testator's estate discloses probate assets amounting to $175,000.00. In addition, the widow was the beneficiary in life insurance policies amounting to $42,000.00. The home in Asheville, held by the entireties, went to her as survivor. Its value is not disclosed.

Judge Martin, upon the facts stipulated, concluded:

"3.   The omission of E. Lyndon McKee, Jr., to make provisions by his will for his then living child, Ann McKee, or for his child Ernest Lyndon McKee, III, then *enciente sa mere,* constituted a class exclusion of all his children, living or afterborn.

"4.   Neither Ann McKee, Ernest Lyndon McKee, III, nor Arthur William McKee is entitled to share in the distributive probate estate of E. Lyndon McKee, Jr., and Ernestine N. McKee is entitled to the whole of such distributive estate under the will of E. Lyndon McKee, Jr."

Upon the foregoing conclusions, the court entered judgment that the will devised the entire estate to the widow, Ernestine N. McKee, and ordered distribution accordingly. The guardian *ad litem* for the two

sons born subsequent to the execution of the will excepted and appealed.

*Francis J. Heazel, Attorney and Guardian ad litem for Defendants Ernest Lyndon McKee, III, and Arthur William McKee, minors, appellant.*

*Adams & Adams by J. G. Adams, Jr., for defendant Ernestine N. McKee, appellee.*

HIGGINS, J.   A will takes effect and speaks as of the date of the testator's death. *Vandiford v. Vandiford,* 241 N.C. 42, 84 S.E. 2d 278. Ernest Lyndon McKee executed his will on January 28, 1949. He died on April 9, 1961. His will in unmistakeable terms gave all his property and belongings to his wife, Ernestine N. McKee. On the day the will was executed the testator and his wife had one child, a daughter Ann, then three years and eight months of age. Four days after the execution of the will, Ernest Lyndon McKee, III, was born. Less than two years thereafter, another son, Arthur William McKee, was born.

The law in effect at the testator's death provided: "A will shall not be revoked by the birth of a child . . . after the execution of the will, but any afterborn . . . child shall be entitled to such share in testator's estate as it would be entitled to if the testator had died intestate, unless: (1) the testator made some provision in the will for the child, whether adequate or not, or (2) it is apparent from the will itself that the testator intentionally did not make specific provision for such child." G.S. 31-5.5; *Johnson v. Johnson,* 256 N.C. 485, 124 S.E. 2d 172.

In simple terms, a child born after the will is executed takes as in case of intestacy, unless (1) provision is made for it in the will, or (2) it appears from the will itself that the testator's failure to make provision was intentional. Certain it is, that the testator in the will did not make provision for any afterborn child. It is equally certain the will itself does not disclose whether this failure was intentional or unintentional. Afterborn children, in fact all children, are ignored in the will. Hence we cannot say the will discloses an intent to exclude afterborn children. We are limited to the will as the source from which intent to exclude must appear. Such intent does not appear from the will. The law is so written. We must so apply it.

It appears from the foregoing analysis that the judgment of the Superior Court must be reversed and the case remanded for judgment that the two afterborn children take as in case of their father's intestacy.

The members of the Court enter with reluctance a judgment which excludes Ann from sharing in her father's estate. The mother in all likelihood will see to it that Ann's disadvantage is more apparent than real.

Reversed.