470 P.2d 457

Mary Ann DeCOSTE, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, and Edwin Thurston, Judge Thereof, John Gobins, individually and as Administrator with the Will Annexed of the Estate of Fedwa Gobins, Deceased, and as Executor of the Estate of Chokree Gobins, Deceased, Mrs. Fada Gobins Chambers, Mrs. Zerifa Hannah Gobins Shaw, and Marie Gobins, Respondents.

No. 9957.

Supreme Court of Arizona, In Banc.

June 12, 1970.

her mother's will is entitled to take an intestate share of her mother's estate under the provisions of Arizona's pretermitted child statute, A.R.S. § 14–131.

Mary Ann DeCoste, in 1969, filed a Petition for Determination of Heirship in the Matter of the Estate of Fedwa Gobins, Cause No. P 63235, Superior Court, Maricopa County. The Superior Court determined, based upon its finding of the intent of the testatrix, that the petitioner was not entitled to take any share of the estate. Mrs. DeCoste petitioned to this court and we issued a Writ in the nature of certiorari to the Superior Court.

The testatrix, Fedwa Gobins, executed her will in April, 1930. At that time she had three children, who are the respondent real parties in interest herein. Fedwa Gobins' will, after providing for payment of funeral and last illness expenses, provided in pertinent part as follows:

> "I give, devise, and bequeath unto my beloved husband, CHOKREE GOBINS, now residing at Cottonwood, Arizona, all of my property, both real and personal, of every name and nature whatsoever, wherever situated, owned by me at the time of my death."

Mary Ann Gobins DeCoste, the petitioner, was born in July, 1930, approximately four months after the execution of her mother's will. The testatrix died in 1961.[1]

Petitioner's claim to a share of her mother's estate is based upon A.R.S. § 14–131 which provides as follows:

> "§ 14–131. Afterborn and pretermitted child
>
> If a testator or testatrix, at his or her death, leaves a child born or adopted after making his or her will, and such afterborn or adopted child is not mentioned or provided for in such will, either specifically or as a member of a class, the testator or testatrix shall be

Herbert Mallamo, Phoenix, for petitioner.

Powers, Boutell, Fannin & Ridge, by William E. Marsh, Phoenix, for respondents.

UDALL, Justice.

The issue in this Special Action is whether a child born after the execution of

---

1. Chokree Gobins, her husband, died in 1966 after remarrying. His will provided in effect for his estate to be placed in trust for his second wife for her life. Upon her death the principal is to be divided among all four of his children, including Mary Ann DeCoste. Probate proceedings in his estate have been consolidated with the estate of Fedwa Gobins.

deemed to have died intestate with respect to such child, and the child shall be entitled to recover from the devisees or legatees in proportion to the amounts of their respective shares, that portion of the estate which the child would have inherited had there been no will."

Most states have passed statutes dealing with afterborn children. These statutes vary greatly in their provisions, but were generally passed in order to protect the child who, through mistake or inadvertence, was not provided for by the parent. See In Re Torregano's Estate, 54 Cal.2d 234, 5 Cal.Rptr. 137, 352 P.2d 505 (1960); Rees, American Wills Statutes: II, 46 Va. Law Review 856, 894–898 (1960); Mathews, Pretermitted Heirs: An Analysis of Statutes, 29 Columbia Law Review 748 (1929).

There is no question that the petitioner was born after the execution of the will and that neither she nor any of the children were mentioned or provided for by the will.

Respondents' basic position is that the testatrix, in leaving her entire estate to her husband, did not intend any of the children to take. Respondents further urge that since Fedwa Gobins was pregnant at the time of making her will, she could not simply have overlooked the possibility of an afterborn child.

■ Respondents thus ask this court to look solely to the intent of the testator as evidenced by circumstances outside the will. The difficulty with respondents' position, however, lies in the language of the Arizona pretermitted child statute itself, A.R.S. § 14–131. That statute requires that the afterborn child "shall" take an intestate share if it is neither "mentioned [nor] provided for in such will." The statute itself thus creates a presumption that the testator did not intend to exclude an afterborn child, and that presumption can be rebutted only by language in the will. See Batley v. Batley, 239 Mo.App. 664, 193 S.W.2d 64, 65 (Mo.App.1946).

In contrast to the Arizona statute, the statutes of many states provide that the child should take unless it appears that the omission was intentional. See e.g., Smith-Hurd Ill.Stat.Ann., C. 3 § 48 (1961); Mass.Gen.Laws Ann., C. 191 § 20 (1958). Accordingly we fully recognize that courts in many other states have held under factual situations similar to this at bar, that the afterborn child should not take an intestate share for the reason that the testator intended to disinherit the child. However, none of the cases upon which respondents rely involved application of a statute similar to A.R.S. § 14–131.

In Hedlund v. Miner, 395 Ill. 217, 69 N. E.2d 862 (1946), the court held that the afterborn child did not take. However, the Illinois statute provided that the afterborn child would take "unless it appears by the will that it was the intention of the testator to disinherit the child."

Respondents rely heavily upon Guion v. Guion, 232 Miss. 647, 100 So.2d 351 (1958). In that case, the testatrix at the time her will was executed had two children. Like the case at bar, the testatrix left her entire estate to her husband without mention of any children. The court held that the child born after the execution of the will was not a pretermitted child under the Mississippi statute and therefore not entitled to an intestate share. The Mississippi statute, Code 1942, § 659, however, unlike the Arizona statute, provided that an afterborn child would take if the child was "unprovided for by settlement, and neither provided for nor *disinherited*, but only pretermitted by the last will * * *." (Emphasis supplied) The Mississippi court thus concluded that the testatrix, by leaving her estate to her husband, effectively "disinherited" the children as a class. See also Fleming v. Phoenix Trust Co., 162 Tenn. 511, 39 S.W.2d 277 (1931).

The statute in this state however does not refer to a "disinheritance" of children. It requires that the statute will operate unless there is a specific "mention" or "pro-

vision" for the children. Therefore, we do not find that the interpretation of the Mississippi statute in Guion v. Guion, supra, can be applied to the case at bar.

■ Our decision here is in accord with decisions of other courts construing statutes similar to the Arizona statute. Batley v. Batley, 239 Mo.App. 664, 193 S. W.2d 65 (Mo.App.1946); In Re Ridgway's Estate, 33 Wash.2d 249, 205 P.2d 360 (1949); Yeates v. Yeates, 179 Ark. 543, 16 S.W.2d 996 (1929). See also Wachovia Bank and Trust Co. v. McKee, 260 N.C. 416, 132 S.E.2d 762 (1963). We accordingly must conclude that, because of the strict wording of A.R.S. § 14–131, the trial court abused its discretion in determining that the petitioner herein was not entitled to an intestate share of Fedwa Gobins' estate.

This court is not without sympathy for respondents' underlying view that application of A.R.S. § 14–131 may result in frustration of some testators' intentions. The Arizona statute, insofar as it requires a specific provision in the will to bar an afterborn child, is sometimes described as a "Missouri" type statute. See 57 Am.Jur., Wills, § 583, Note, 9 S.W. Law Journal 136 (1955). Such statutes are often contrasted with so-called "Massachusetts" type statutes which look to intent.

In view of the many variations found in the statutes, such an arbitrary classification is not of great assistance. We note also that Missouri has in fact changed its pretermitted child statute and adopted the provision of the Model Probate Code. Vernon's Anno.Mo.Stat., Sec. 474.240 (1956). It is significant that Missouri's new statute specifically deals with the situation in the instant case. It provides, in pertinent part, that the afterborn child not mentioned in the will takes "unless when the will was executed the testator had one or more children known to him to be living and devised substantially all his estate to his surviving spouse."

Respondents' remaining contention is based upon the language of A.R.S. § 14–131 which provides that "the child shall be entitled to *recover from the devisees or legatees* in proportion to the amounts of their respective shares, that portion of the estate which the child would have inherited had there been no will." (Emphasis added.)

Respondents assert that the sole remedy of an afterborn child is by way of a civil action against the devisees and legatees, in this case Chokree Gobins. Respondents further contend that such an action accrued at the death of the testatrix, Fedwa Gobins, in 1961, and that the action is therefore barred by laches and the statute of limitations. (A.R.S. § 12–541)

■ With respect to this contention, we must agree with the trial court and hold that the petitioner, Mary Ann DeCoste, properly proceeded by means of a Petition for Determination of Heirship in the probate proceedings. While respondents request a literal and exclusive application of the phrase "recover from the devisees", respondents ignore that portion of the statute which provides that the "testator or testatrix shall be deemed to have died intestate with respect to such child." This clause, we believe, clearly implies that the rights of the afterborn child are an appropriate subject for determination in probate proceedings, which determine the proper distribution of the estate, and where all parties with a possible interest can be represented.

Moreover, the language upon which respondents rely is substantially similar to language in the statutes of both Arkansas and New York. The courts of those states have consistently determined the rights of pretermitted children during the administration of the estate. Parker v. Bowlan, 242 Ark. 192, 412 S.W.2d 597 (1967); In re Faber's Estate, 305 N.Y. 200, 111 N.E. 2d 883 (1953), and authorities cited therein.

■ Under A.R.S. § 14–641, a Petition for Determination of Heirship may be filed "at any time after the appointment of

the executor or administrator, but prior to the filing of a petition for distribution." Mrs. DeCoste's Petition for Determination of Heirship was filed prior to the filing of a petition for distribution. There is therefore no statutory bar to her claim.

■ Respondents also suggest that petitioner's claim should be barred by laches, for the reason that the decedent died in 1961 and the Petition for Determination of Heirship was not filed until 1969. The trial court rejected the defense. An examination of the complicated record substantially explains the delay. The will was not offered for probate until 1965. Thereafter one of the respondents herein, Zerifa Hannah Gobins Shaw contested the will as the product of undue influence. Had this contest been successful, the instant claim by petitioner would have been unnecessary. This contest was not finally resolved by withdrawal of the contestant's appeal until 1967. The record also reveals that the petitioner herein, Mrs. DeCoste, did file a "Notice of Claim of Afterborn Child", claiming rights under A.R.S. § 14–131, in 1966.

Under these circumstances the trial court did not abuse its discretion in determining that the petitioner was not guilty of laches. See Maricopa County v. American Pipe and Construction Co., 303 F.Supp. 77 (D. Ariz.1969); Decker v. Hendricks, 97 Ariz. 36, 396 P.2d 609 (1964).

The Order of the Superior Court is reversed and the cause remanded for proceedings consistent herewith.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and McFARLAND, J., DONOFRIO, Judge, Court of Appeals, concur.

NOTE: Justice JACK D. H. HAYS having announced his disqualification, Honorable FRANCIS J. DONOFRIO, Presiding Judge, Court of Appeals, Division 1, was called to sit in his stead.