NORTH CAROLINA NATIONAL BANK, EXECUTOR, U/W JOHN T. MATTHEWS, DECEASED v. O. B. CARPENTER, W. F. THOMASON, CLARADELL H. MATTHEWS, GAYLE MATTHEWS MANUS AND JUDY MATTHEWS

No. 7126SC365

(Filed 14 July 1971)

Wills §§ 57, 58— bequest of common stock — exclusion of accretions subsequent to the making of the bequest

A specific bequest of common stock to testator's employee "if he is still employed by said company at the time of my death" takes effect as if the bequest were made immediately before the testator's death, and consequently the bequest does not include accretions resulting from a stock split occurring subsequent to the execution of the will and prior to testator's death. G.S. 31-41.

APPEAL by defendants, O. B. Carpenter and W. F. Thomason, from *Thornburg, Judge,* 22 February 1971 Session of Superior Court held in MECKLENBURG County.

This is an action instituted pursuant to the Declaratory Judgment Act seeking a construction of the Last Will and Testament of John T. Matthews, deceased. The will in question, executed on 2 August 1965, contains the following questioned provisions:

Bank v. Carpenter

## "ITEM IV.

"I give and bequeath to O. B. Carpenter ten (10) shares of my stock in Wil-Mat Corporation if he is still employed by said Company at the time of my death.

## "ITEM V.

"I give and bequeath to W. F. Thomason ten (10) shares of my stock in Wil-Mat Corporation if he is still employed by said Company at the time of my death."

When the will was executed the stock in question had a par value of $100 per share. On 5 October 1966, a recapitalization of the Wil-Mat Corporation was had, resulting in a stock split and stock dividend being declared. The net effect of this recapitalization was to reduce the par value of each share of Wil-Mat stock from $100.00 to $1.00. This reduced par value of $1.00 per share remained unchanged at the testator's death on 16 August 1968.

Judge Thornburg made findings of fact and concluded as a matter of law that the defendants, O. B. Carpenter and W. F. Thomason, were entitled to ten shares each of Wil-Mat Corporation stock, as those shares existed at the date of testator's death. Appeal by defendants O. B. Carpenter and W. F. Thomason.

*Blakeney, Alexander & Machen by Brown Hill Boswell for North Carolina National Bank, Executor, plaintiff appellee.*

*R. C. Carmichael, Jr., for Claradell H. Matthews, defendant appellee.*

*Wardlow, Knox, Caudle & Wade by Lloyd C. Caudle and C. Ralph Kinsey, Jr., for O. B. Carpenter and W. F. Thomason, defendant appellants.*

HEDRICK, Judge.

Appellants' contention that a specific bequest of shares of common stock carry with it accretions to said shares resulting from a stock split and a stock dividend occurring subsequent to the execution of testator's will and prior to his death is untenable. G.S. 31-41 provides:

"Every will shall be construed, with reference to the real and personal estate comprised therein, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will."

See also *Wachovia Bank & Trust Co. v. McKee,* 260 N.C. 416, 132 S.E. 2d 762 (1963).

Justice Ervin, speaking for the Court in *Elmore v. Austin,* 232 N.C. 13, 59 S.E. 2d 205 (1950), said: "Where the language employed by the testator is plain and its import is obvious, the judicial chore is light work; for in such event, the words of the testator must be taken to mean exactly what they say." In the instant case, the language in the will of John T. Matthews is plain. Its import is obvious. The will speaks as of 16 August 1968, the date of the testator's death, to bequeath ten shares each to O. B. Carpenter and W. F. Thomason of his stock in Wil-Mat Corporation. The judgment appealed from is affirmed.

Affirmed.

Chief Judge MALLARD and Judge CAMPBELL concur.